(No. 78785.—Reversed and remanded.)

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. GREGORY A. FOSTER, Appellant.

*Opinion filed April 18, 1996.*

J. Steven Beckett and Brett N. Olmstead, of Beckett & Webber, P.C., of Urbana, for appellant.

James E. Ryan, Attorney General, of Springfield, and Roger Simpson, State's Attorney, of Monticello (Norbert J. Goetten, Robert J. Biderman and Denise M. Ambrose, of the Office of the State's Attorneys Appellate Prosecutor, of Springfield, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

This case addresses the ramifications of a defendant's failure to file a written motion for reconsideration of a sentence in violation of Rule 604(d) where the trial judge has also failed to admonish the defendant regarding this requirement as mandated by Rule 605(b). The appellate court dismissed defendant's appeal of his sentence (No. 4—94—0451 (unpublished order under Supreme Court Rule 23)), ruling that it could not consider the appropriateness of defendant's sentence because of defendant's failure to comply with the written-motion requirement of Rule 604(d). This court granted defendant's petition for leave to appeal to determine whether the appellate court properly dismissed the appeal in light of the trial court's failure to issue the Rule 605(b) admonitions. 145 Ill. 2d R. 605(b). We reverse.

## FACTS

Gregory A. Foster, defendant, failed to file a written motion to reconsider the sentence imposed by the circuit court of Piatt County upon his plea of guilty as required by Rule 604(d) when challenging such sentences. 145 Ill. 2d R. 604(d). However, the trial judge had also failed to admonish defendant regarding this requirement as mandated by Rule 605(b) (145 Ill. 2d R. 605(b)). Instead, defendant made an oral motion for reconsideration with the acquiescence of both the prosecutor and the trial judge, all of whom cited judicial economy as a justifica-

tion for departing from the explicit mandates of Rule 604(d). After the trial court denied the oral motion for reconsideration the defendant appealed, only to have the appellate court dismiss the appeal because of defendant's failure to comply with Rule 604(d).

## ANALYSIS

Trial judges are in a superior position to consider alleged deficiencies regarding guilty pleas and sentences imposed thereon. Accordingly, Rule 604(d) requires that a defendant first address to the trial court any allegation of error regarding either a plea of guilty or a corresponding sentence. 145 Ill. 2d R. 604(d). Though the appellate court may have jurisdiction, Rule 604(d) precludes it from considering the appeal of such an error unless the defendant first files with the trial court a *written* motion to either withdraw the guilty plea (*People v. Wilk*, 124 Ill. 2d 93, 107 (1988)) or reconsider the sentence (*People v. Wallace*, 143 Ill. 2d 59, 61 (1991)). Where no written motion has been filed with the trial court, the appellate court must dismiss the appeal, leaving the Post-Conviction Hearing Act as a defendant's only recourse. *Wilk*, 124 Ill. 2d at 107; but *cf. People v. Janes*, 158 Ill. 2d 27, 33 (1994) (discussing other Rule 604 requirements which, though not complied with, result only in remand rather than dismissal).

Defendant argues initially that his noncompliance with the written-motion requirement does not require dismissal because both the trial judge and the prosecutor acquiesced in his oral motion to reconsider the sentence. In support, defendant analogizes to motions for a new trial made pursuant to section 116—1(b) of the Code of Criminal Procedure of 1963 (725 ILCS 5/116—1(b) (West 1994)). Absent an objection by the State, an oral motion for a new trial preserves any errors which appear in the record despite a mandatory statutory provision requiring that the motion be in writ-

ing. *People v. Pearson*, 88 Ill. 2d 210, 217 (1981). The analogy fails, however, because section 116—1 of the Code of Criminal Procedure does not make filing a written motion for a new trial a prerequisite to consideration on appeal. Rule 604(d), on the other hand, makes the filing of a written motion a condition precedent to appeal. *Wilk*, 124 Ill. 2d at 107; *Wallace*, 143 Ill. 2d at 61. Consequently, no agreement by the judge, prosecutor and defendant, or any combination thereof, can obviate the need for strict compliance with Rule 604(d)'s written-motion requirement as a prerequisite to appeal.

Defendant next contends that the trial judge's failure to follow the dictates of Rule 605(b) excuses his noncompliance with Rule 604(d). Since a defendant's failure to comply with the written-motion requirements of Rule 604(d) can result in the loss of the right to direct appeal, this court adopted Rule 605(b) as a necessary corollary to Rule 604(d). *Wilk*, 124 Ill. 2d at 103-04. Rule 605(b) mandates that trial judges admonish defendants regarding the requirements of Rule 604(d), thus ensuring that the ramifications of noncompliance comport with due process. 145 Ill. 2d R. 605(b). Having been instructed regarding Rule 604(d)'s mandates, a defendant cannot then argue procedural unfairness when he suffers the ramifications of his noncompliance.

The instant trial judge, however, failed to issue the Rule 605(b) admonitions regarding Rule 604(d). Consequently, we must determine whether this impacts our holding in *Wallace* that the appellate court must dismiss the appeal of a post-guilty-plea sentence where the defendant fails to first file a written motion for reconsideration with the trial court. *Wallace*, 143 Ill. 2d at 61. Defendant asks this court to adopt the "admonition exception" applied by several panels of our appellate court. See, *e.g.*, *People v. Tufte*, 253 Ill. App. 3d 583, 587 (1993); *People v. Kelley*, 246 Ill. App. 3d 914, 918-19

(1993). As applied, this exception allows the appellate court to entertain appeals where trial courts fail to issue Rule 605(b) admonitions, notwithstanding noncompliance with Rule 604(d)'s written-motion requirement.

We agree with those appellate decisions that have applied the admonition exception. Rule 605(b) serves to ensure, *inter alia*, that a defendant knows of Rule 604(d)'s requirements regarding appeals from sentences imposed upon a plea of guilty. Where such admonitions have not been issued, it would violate procedural due process rights to hold a defendant responsible for noncompliance with the strictures of Rule 604(d). Accordingly, we hold that where a trial court has failed to issue Rule 605(b) admonitions, the appellate court may entertain an appeal from a sentence despite defendant's noncompliance with the written-motion requirement of Rule 604(d).

In anticipation of this holding, the State argues that the admonition exception should not apply to the case at bar because defense counsel was aware of Rule 604(d)'s written-motion requirement. Although the record evidences that defense counsel was indeed aware of the written-motion requirement, it is unclear whether he believed that this requirement could be waived by agreement of the parties. Regardless, examination of a defense counsel's subjective knowledge would necessitate further hearings and appeals that could substantially delay resolution of the underlying arguments on their merits. We decline to adopt such an approach and, consistent with the efficient administration of justice, instead hold that the admonition exception applies regardless of the subjective knowledge of defendants or their counsel.

In light of this holding, we must determine what procedures the appellate court should follow where it may entertain an appeal pursuant to the admonition

exception. Defendant argues that the appellate court should decide the appeal on the merits and should remand for strict compliance with Rule 604(d) only where the grounds for the appeal are not apparent from the record. We disagree. As the State observes, this court has without exception required strict compliance with Rule 604(d). Where the appellate court may consider an appeal despite a defendant's noncompliance with Rule 604(d), the appellate court has no discretion and must remand for strict compliance therewith. *Janes*, 158 Ill. 2d at 34-35.

## CONCLUSION

We hold that a trial judge's failure to issue a Rule 605(b) admonition prevents the appellate court from otherwise dismissing a defendant's appeal from the sentence imposed notwithstanding the defendant's noncompliance with the written-motion requirement of Rule 604(d). Furthermore, in such situations the appellate court is required to remand the cause to the trial court for strict compliance with Rule 604(d). Accordingly, we reverse and remand to the appellate court for proceedings consistent with this opinion.

*Reversed and remanded.*