20 November 1999

NO. 4-98-0420

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

SHANE M. ANDERSON,

Defendant-Appellant.

)

)

)

)

)

)

)

)

Appeal from

Circuit Court of

Adams County

No. 96CF390

Honorable

Dennis K. Cashman,

Judge Presiding.

_________________________________________________________________

JUSTICE STEIGMANN delivered the opinion of the court:

In March 1997, defendant, Shane M. Anderson, pleaded guilty to armed robbery (720 ILCS 5/18-2(a) (West 1996)) in an open plea, meaning that no agreement existed between defendant and the State regarding his sentence or the dismissal of other pending charges.  The trial court accepted defendant's guilty plea and later sentenced him to 17 years in prison.  Defendant filed a motion to reduce sentence, which the court denied in June 1997.  Defendant appealed, and this court remanded the case with directions to allow defendant to file a new motion to reconsider sentence because defense counsel had not filed a certificate pursuant to Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). 
People v. Anderson
, No. 4-97-0574 (January 7, 1998) (unpublished summary order under Supreme Court Rule 23).

In February 1998, after remand, defendant filed a new motion to reconsider sentence, and in April 1998, the trial court denied that motion.  Defendant sought to file a motion to with

draw his plea, but the trial court did not allow him to do so.  Defendant appeals, claiming that he is again entitled to remand, this time because the court did not properly admonish him in accordance with Supreme Court Rule 605(b) when it originally accepted his guilty plea (145 Ill. 2d R. 605(b)).  We agree and remand with directions.

I. BACKGROUND

In April 1997, at the conclusion of the sentencing hearing, the trial court stated the following:

"It is my obligation to advise you of your appeal rights.  You have 30 days from today's date to file a motion or petition asking the court to allow you to withdraw your plea of guilty.  And if I were to grant that motion, then you could proceed to trial as though no plea of guilty had been entered.  And if I denied the motion you would have 30 days from that date to file a notice of appeal.

Before you could file a notice of ap

peal, within the next 30 days you would have to first file a motion asking the court to reduce the sentence that has been imposed.  And if I were to find any good reason to do so, then the sentence could be modified down

ward.  And if I denied that, then you would have a right to challenge the sentence that has been imposed on appeal.

In any event, you would be furnished with counsel, as well as a written record free of charge, if you were not able to af

ford an attorney to represent you on appeal."

As earlier stated, defendant filed a motion to recon

sider sentence, which the trial court later denied.  After defendant appealed and this court remanded with directions to allow defense counsel an opportunity to file the certificate required by Rule 604(d), defendant filed a new motion to recon

sider sentence.  In April 1998, the court conducted a hearing on that motion and denied it.  The court then advised defendant that he had the right to appeal, after which the following colloquy occurred:

"THE COURT:  Do you understand your appeal rights?

THE DEFENDANT:  Yes.  I have one ques

tion.

THE COURT:  What is the question?

THE DEFENDANT:  I would like to put in a [m]otion to [w]ithdraw my [p]lea.  How do I go about that?

* * *

THE COURT:  What is this, a game to you, sir?

THE DEFENDANT:  No.  It is not a game.  I want to have a fair trial.  I didn't get a fair trial.

THE COURT:  You will not get appointed counsel to file a [m]otion to [w]ithdraw your [p]lea.  The time for filing a [m]otion to [w]ithdraw your [p]lea has passed."

This appeal followed.

II. RULE 605(b) ADMONITIONS

Defendant argues that we should remand this case for proper Supreme Court Rule 605(b) admonitions (145 Ill. 2d R. 605(b)).  We agree.

Rule 605(b) states, in relevant part, the following:

"In all cases in which a judgment is entered upon a plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as fol

lows:

(1) that he has a right to appeal;

(2) that prior to taking an appeal he must file in the trial court, with­in 30 days of the date on which sentence is imposed, a written motion asking to have the trial court reconsider the sentence or to have the judg­

ment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion;

* * *

(5) that if he is indigent, a copy of the transcript of the proceedings at the time of his plea of guilty and sentence will be provided without cost to him and counsel will be appointed to assist him with the prepara

tion of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion *** shall be deemed waived."  145 Ill. 2d R. 605(b).

Rule 605(b) operates to ensure that a defendant under

stands the proper procedure for appealing a sentence imposed on a guilty plea.  
People v. Foster
, 171 Ill. 2d 469, 472, 665 N.E.2d 823, 825 (1996).  That procedure is set forth in Supreme Court Rule 604(d), which states, in relevant part, the following:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defen­dant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being chal­lenged, or, if the plea is being challenged, a motion to withdraw his plea of guilty and vacate the judgment.  The motion shall be in writing and shall state the grounds therefor.  ***  Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived."  145 Ill. 2d R. 604(d).

As a general rule, a defendant may not appeal his guilty plea unless he strictly complies with the provisions of Rule 604(d).  
Foster
, 171 Ill. 2d at 472, 665 N.E.2d at 825.
  However, an important exception to that general rule exists.  Because Rule 605(b) and Rule 604(d) are meant to work together, a trial court's failure to strictly comply with Rule 605(b) can relax the requirement that the defendant strictly comply with Rule 604(d).  In such a case, a reviewing court does not address the defendant's appeal on the merits; it remands the cause for proper Rule 605(b) and 604(d) proceedings.  
People v. Jamison
, 181 Ill. 2d 24, 29-30, 690 N.E.2d 995, 998 (1998).

This is such a case.  Defendant did not file a motion to withdraw his plea within the 30-day time limit set forth in Rule 604(d).  The trial court refused to allow defendant to file such a motion when he later indicated a desire to do so, and under normal circumstances, the trial court would have been correct in so refusing.  See 
People v. Woolridge
, 292 Ill. App. 3d 788, 792, 686 N.E.2d 386, 389 (1997) (affirming trial court's denial of motion to reconsider sentence because motion was untimely)
.
  However, in this case the trial court's Rule 605(b) admonitions were inadequate, requiring remand for further pro

ceedings.

The supreme court requires strict compliance with Rule 605(b) (
Jamison
, 181 Ill. 2d at 31, 690 N.E.2d at 998), although
 the rule itself only requires that a trial court admonish the defen­dant "substan­tially" as set forth (145 Ill. 2d R. 605(b); 
People v. Cochrane
, 257 Ill. App. 3d 1047, 1051, 630 N.E.2d 486, 489 (1994)).  When admonishing a defendant under Rule 605(b), a court need not use the exact language of the rule, but the court's admonitions must not leave out or misrepresent any of the rule's 
substance
.  See 
Cochrane
, 257 Ill. App. 3d at 1051, 630 N.E.2d at 489 (admonitions were insuf­fi­cient 
when the court advised the defendant that he "may" file a motion to withdraw his guilty plea instead of telling him he must file such a motion as a prerequi­site to an appeal); 
People v. Horton
, 250 Ill. App. 3d 944, 953, 620 N.E.2d 437, 443 (1993) (admonitions were insuf­fi­

cient 
when the court informed the defen­dant only that he could file a motion to reconsider his sentence and omitted other admonitions, including that defendant could move to with­draw his guilty plea).

In this case, the trial court's admonitions did not accurately convey the substance of Rule 605(b).  The court did inform defendant that he could file a motion to withdraw his plea and that he had 30 days after the denial of that motion to file a notice of appeal.  However, simply informing defendant of the applicable time limits is insufficient.  Rule 605(b) exists to ensure that a defendant who pleads guilty understands that although he has the right to appeal, he cannot exercise that right unless he first files the appropriate motions in the trial court.  Admonitions that fail to clearly state that a defendant will lose his right to appeal if he does not first file either a motion to withdraw his guilty plea or a motion to reconsider sentence in the trial court are insufficient, regardless of how complete they may otherwise be.  The admonitions provided in this case did not convey that critical information.

Immediately after telling defendant that he had 30 days to file a motion to withdraw his plea, the trial court stated, "Before you could file notice of appeal, *** you would have to first file a motion *** to reduce *** sentence."  The two back-

to-back statements implied that if defendant wanted to both withdraw his plea and preserve his appeal right, he would have to file both a motion to withdraw his plea and a motion to recon

sider sentence.  The statements suggested that merely filing a motion to withdraw his guilty plea would not preserve defendant's right to appeal.  The court also failed to clearly state that defendant was entitled to appointment of counsel to argue his postplea motions. 
 Nor did the court tell defendant that the failure to raise an issue in his postplea motions would waive that issue on appeal.

Taken as a whole, the admonitions provided in this case could have misled defendant into believing that no good reason existed to file a motion to withdraw his plea because they suggested that (1) doing so would not secure his right to appeal; (2) he would not have the aid of appointed counsel in preparing and arguing the motion; and (3) he would be appointed counsel on appeal, and his appellate counsel could still raise any issues that a motion to withdraw his plea would have addressed.  Not surprisingly, defendant elected to file only a motion to recon

sider sentence.  We can only speculate as to whether he would have done the same had he received proper Rule 605(b) admoni

tions.  
Jamison
, 181 Ill. 2d at 30, 690 N.E.2d at 998.

We therefore conclude that defendant is entitled to remand with directions that the trial court properly admonish him in accordance with Supreme Court Rule 605(b) and provide him 30 days to file appropriate postplea motions.  In so concluding, we decline defendant's invitation to address the merits of any future motion to withdraw his guilty plea.  The supreme court has made clear that we cannot review the merits of defendant's post-

plea claims unless defendant strictly complies with Rule 604(d) by filing the appropriate motion in the trial court.  He has not.  In a situation such as this, "the appellate court has no discre

tion and must remand for [defendant's] strict compliance [with Rule 604(d)]" (
Foster
, 171 Ill. 2d at 474, 665 N.E.2d at 826
), as well as the trial court's strict compliance with Rule 605(b) (
Jamison
, 181 Ill. 2d at 29-30, 690 N.E.2d at 998).

III. CONCLUSION

For the reasons stated, we remand this case for further proceedings consistent with the views expressed herein.

Remanded with directions.

COOK, P.J., and GARMAN, J., concur.