THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NATHANIEL HARPER, Defendant-Appellant.

Fourth District    No. 4—98—0423

Opinion filed August 16, 2000.

Daniel D. Yuhas and Jacqueline L. Bullard, both of State Appellate Defender's Office, of Springfield, for appellant.

John P. Schmidt, State's Attorney, of Springfield (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

In August 1995, defendant, Nathaniel Harper, entered a partially negotiated guilty plea to first degree murder (720 ILCS 5/9—1(a)(2) (West 1994)). The trial court sentenced defendant to 50 years' imprisonment. Defendant appeals, arguing (1) his trial counsel did not file the required Supreme Court Rule 604(d) certificate (145 Ill. 2d R. 604(d)) and (2) the trial court did not properly admonish him pursuant to Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)). Defendant asks this court to remand the cause to allow compliance with Rule 604(d) and to require proper Rule 605(b) admonishments. The State concedes the absence of a Rule 604(d) certificate requires remand but maintains the trial court gave proper Rule 605(b) admonitions so defendant need not be readmonished under Rule 605(b). We disagree and remand with directions.

## I. BACKGROUND

In May 1995, defendant and his paramour and roommate, Frances Meyers, returned to their garage apartment following a birthday party. Defendant and Meyers drank alcohol and used cocaine throughout the day. Early the next morning, defendant and Meyers argued. During the argument, defendant repeatedly struck Meyers with a shovel, killing her.

In August 1995, defendant entered a negotiated guilty plea to first degree murder as charged in count I (in that, without lawful justification, he struck decedent in the head and arms with a shovel, knowing such acts created a strong probability of great bodily harm to her, thereby causing her death), and the State dismissed count II (murder while committing a forcible felony, aggravated battery) and agreed to limit its sentencing recommendation to 50 years' imprisonment.

According to the State's factual basis, a witness heard a woman screaming for 15 to 20 minutes, then the woman quit screaming but started screaming again about 5 minutes later, although not as loud. About 15 minutes after the woman quit screaming the second time, a black male pulled up the garage door two or three feet, slid under it and walked along a fence to the west or front of the house. Shortly after 3 a.m., defendant called 911 from the house at the same address.

Defendant made statements to various witnesses that the victim was arguing with him and throwing beer bottles and he "snapped" and hit her with the shovel but did not know how many times he hit her. The police found the shovel in the garage with its handle broken and human blood and hair on it. A pathologist examined the decedent's body and would testify to wounds and fractures covering the decedent's entire body, a high ethanol level in her blood and urine, and a positive urine screen for cocaine.

On November 8, 1995, the trial court sentenced defendant to 50 years' imprisonment. After pronouncing the sentence, the trial court admonished defendant as follows concerning his right to appeal:

"THE COURT: [Defendant], you have the right to appeal from the proceedings held here today.

In order to appeal, you must first file within [30] days a motion to withdraw your guilty plea, setting forth in the motion all reasons for doing so.

If I allow that motion, any charges dismissed could be reinstated and the case would then be set for trial. If I deny your motion, you would then have [30] days to appeal my decision.

Any issue or claim of error not contained in your motion would be waived on appeal.

*You could also appeal your sentence within [30] days of this date without filing a motion for leave to withdraw your plea of guilty.*

If you are indigent, the [c]ourt would appoint a lawyer to assist you with any of these matters, and a transcript of these proceedings would be furnished at no cost to you." (Emphasis added.)

Defendant said he did not understand his rights. The trial court repeated as above, and defendant then stated he understood his rights.

On November 12, 1995, four days after sentencing, defendant's counsel filed a motion to reconsider sentence, arguing defendant received an excessive sentence. On December 12, 1995, defendant filed a *pro se* motion to reconsider sentence, alleging (1) the court did not consider mitigating evidence, (2) substantial grounds existed to support a conviction of manslaughter, (3) his conduct was unlikely to recur, (4) he was misled by his attorney about the consequences of a guilty plea, and (5) he was mentally unfit to understand the nature of the offense and to aid in his defense. In April 1998, the trial court appointed defendant new counsel to avoid any conflict of interest based on defendant's allegation his attorney misled him.

In June 1998, the trial court conducted a hearing on defendant's motion to reconsider sentence. The trial court denied defendant's motion, and this appeal followed.

## II. ANALYSIS

Defendant's several related issues turn on case law developments with respect to the various types of guilty pleas (see *People v. Linder*, 186 Ill. 2d 67, 77-78, 708 N.E.2d 1169, 1174 (1999) (Freeman, C.J., specially concurring) (outlining four distinct plea scenarios)).

### A. Result of Failure To File Rule 604(d) Certificate Dependent on Type of Guilty Plea

Supreme Court Rule 604(d) requires trial counsel to certify he or she reviewed the proceedings, consulted with defendant, and made any amendments to the motion necessary for adequate presentation of any defects in the plea or sentencing proceedings. 145 Ill. 2d R. 604(d). Normally, if counsel failed to satisfy the rule's certification requirement, a trial court's denial of a defendant's motion to reconsider must be reversed and the cause must be remanded to the trial court to permit the filing of a new motion to reconsider and a new hearing on the motion. *People v. Janes*, 158 Ill. 2d 27, 35-36, 630 N.E.2d 790, 793-94 (1994). However, if the defendant fails to comply with the motion requirements of Rule 604(d), the appellate court must dismiss the defendant's appeal, leaving the Post-Conviction Hearing Act (725 ILCS 5/122—1 through 122—8 (West 1998)) as the only recourse. See *People v. Evans*, 174 Ill. 2d 320, 332, 673 N.E.2d 244, 250 (1996).

In *Evans*, the appellate court reversed and remanded the cause for

a new sentencing hearing because trial counsel failed to file a Rule 604(d) certificate. The Supreme Court of Illinois reversed, finding defendant was not entitled to a reduction in his negotiated sentence because he failed to move to withdraw his plea and vacate the judgment. The court held the motion-to-reconsider-sentence provisions of Rule 604(d) apply only to open guilty pleas. *Evans*, 174 Ill. 2d at 332-34, 673 N.E.2d at 250-51; see also *Linder*, 186 Ill. 2d at 74, 708 N.E.2d at 1173.

We acknowledge the opinion in *People v. Shirley*, 181 Ill. 2d 359, 370-71, 692 N.E.2d 1189, 1195 (1998), but find it inapposite. Although that case involved a " 'negotiated as to charge and/or sentence' plea" (*Linder*, 186 Ill. 2d at 77, 708 N.E.2d at 1174 (Freeman, C.J., specially concurring)), the supreme court there chose to address defendant's request for a third hearing on defendant's claim his sentence was excessive. The court concluded requiring such a remand and hearing would be an empty and wasteful formality. The *Shirley* court chose to reject this argument on the merits and not to reach the State's argument the relief defendant sought was not available to him given *Evans*.

Hence, our resolution of this issue turns on whether (1) defendant was required to file a motion to withdraw his guilty plea and vacate the circuit court's judgment (in which case *Evans* and *Linder* require us to dismiss the appeal, *unless* some exception requires a contrary result) or (2) defendant was entitled to file a motion to reconsider sentence, as he did (in which case *Janes* would be controlling).

### B. Was Defendant Required To File a Motion To Withdraw His Plea?

If the plea agreement between defendant and the State involves only the dismissal of charges, *i.e.*, "negotiated-as-to-charge" pleas, the defendant need only follow the motion-to-reconsider-sentence provision. *People v. Lumzy*, 191 Ill. 2d 182, 187, 730 N.E.2d 20, 23 (2000). If some aspect of defendant's sentence was part of the plea agreement, defendant must move to withdraw the guilty plea and vacate the judgment, even if he only wants to challenge his sentence. *Evans*, 174 Ill. 2d at 332, 673 N.E.2d at 250 (agreement to dismiss certain charges and recommend certain sentence); *People v. Clark*, 183 Ill. 2d 261, 268, 700 N.E.2d 1039, 1043 (1998) (agreement to recommend specific term of imprisonment); *Linder*, 186 Ill. 2d at 74, 708 N.E.2d at 1172 (agreement to sentencing cap). If the defendant fails to move to withdraw his plea and vacate the judgment, this court must dismiss the appeal. *Linder*, 186 Ill. 2d at 74, 708 N.E.2d at 1173.

In the present case, defendant's counsel filed a motion to

reconsider sentence, alleging defendant's sentence was excessive. While defendant filed a *pro se* motion to reconsider sentence a month later, the defendant had no right to do so and it cannot serve as basis for this review. See *People v. Handy*, 278 Ill. App. 3d 829, 836-37, 664 N.E.2d 1042, 1047 (1996). We note defendant's *pro se* motion included a claim defendant's counsel misled him about the consequences of a guilty plea. Defendant withdrew this claim at the June 1998 hearing. At the hearing, defendant's new counsel advised the trial court he informed defendant the claim concerning previous counsel misleading defendant should be brought in a motion to withdraw his plea, but defendant did not want to withdraw his plea so he withdrew the claim. In addition, defendant's claim trial counsel misled him is without merit. The trial court properly admonished defendant pursuant to Supreme Court Rule 402 (134 Ill. 2d R. 402) and defendant stated he understood the admonishments. Therefore, we consider only defendant's first motion to reconsider sentence, which alleged a general claim of excessive sentence. Defendant failed to move to withdraw his guilty plea and vacate the judgment so, unless some exception applies, we must dismiss defendant's appeal consistent with *Linder*.

### C. Effect of Erroneous Rule 605(b) Admonitions

In a related argument, defendant contends the trial court did not properly admonish him under Rule 605(b) and asks this court to remand for proper admonishments.

Proper admonishments under Rule 605(b) ensure a defendant understands the proper procedure for appealing a sentence imposed on a guilty plea. *People v. Foster*, 171 Ill. 2d 469, 472, 665 N.E.2d 823, 825 (1996). A court need not use the exact language of Rule 605(b). However, the court's admonitions cannot leave out or misrepresent any of the rule's substance. *People v. Anderson*, 309 Ill. App. 3d 417, 421, 722 N.E.2d 244, 247 (1999). If the trial court fails to properly admonish defendant pursuant to Rule 605(d), strict compliance by the defendant with Rule 604(d) is relaxed (the "admonition exception"). In such a case, the reviewing court is required to remand the cause to the trial court for strict compliance with Rules 604(d) (*Foster*, 171 Ill. 2d at 474, 665 N.E.2d at 826) and 605(b) (*People v. Jamison*, 181 Ill. 2d 24, 29-30, 690 N.E.2d 995, 998 (1998)).

Rule 605(b) states in pertinent part:

"In all cases in which a judgment is entered upon a plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) that he has a right to appeal;

(2) that prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, a written

motion asking to have the trial court reconsider the sentence or have the judgment vacated and for leave to withdraw his plea of guilty ***;

\* \* \*

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to reconsider the sentence or to vacate the judgment and to withdraw his plea of guilty shall be deemed waived." 145 Ill. 2d R. 605(b).

Defendant contends the trial court did not state he must file a motion to withdraw his plea and to vacate the judgment, so it improperly admonished him. Defendant cites *People v. Knowles*, 304 Ill. App. 3d 472, 710 N.E.2d 1238 (1999) (second district), *People v. Foster*, 308 Ill. App. 3d 286, 719 N.E.2d 1163 (1999) (third district), and *People v. Wright*, 311 Ill. App. 3d 1042, 725 N.E.2d 811 (2000) (fifth district), in support of his argument. In these cases, the appellate court held a trial court's admonishment stating defendant may file *either* a motion to reconsider sentence or a motion to withdraw his plea and vacate judgment, after agreeing to a negotiated plea, are insufficient. While the admonishment meets the requirements of Rule 605(b) as presently written, these courts concluded procedural fairness required remand for "proper" Rule 605(b) admonishments (*Wright*, 311 Ill. App. 3d at 1048, 725 N.E.2d at 816 (plea negotiated as to charge and/or sentence, *i.e.*, here a sentence cap; remanding for further admonishment consistent with the rule enunciated in *Evans* and *Linder*); *Knowles*, 304 Ill. App. 3d at 475, 710 N.E.2d at 1240 (plea negotiated as to charge and/or sentence, *i.e.*, here negotiated as to charge, which reduced applicable sentencing range; remanded with directions to admonish defendant of his right to file motion to withdraw guilty plea and consequences thereof)) or to afford defendant the opportunity to file a motion to withdraw his plea if he so chose (*Foster*, 308 Ill. App. 3d at 290, 719 N.E.2d at 1165 (plea negotiated as to charge and/or sentence and defendant apprised that consecutive sentences could not be imposed but court ordered a probation term to run consecutive to a prison term; modifying probation sentence to run concurrent to prison sentence and remanding to allow defendant to file a motion to withdraw plea if he so chose)).

This court, while understanding the concerns expressed by our sister districts, has refused to hold the same. We conclude modification of Rule 605(b) must come from the supreme court, not this court. If the admonishments meet Rule 605(b) requirements, the defendant has been properly admonished and he is not entitled to a remand for new admonitions. *People v. Harden*, 311 Ill. App. 3d 406, 413-14, 724 N.E.2d 566, 571 (2000).

In this case, however, the trial court's admonitions did not follow Rule 605(b) verbatim or accurately convey the substance of the rule. The trial court did not specifically state a motion to reconsider sentence as the alternative filing in its admonishment, nor did it apprise defendant any issue not included in such a motion was thereby waived, *i.e.*, forfeited. The trial court also told defendant that he could "appeal [his] sentence within [30] days *without filing a motion for leave to withdraw* [his] *guilty plea.*" (Emphasis added.) After filing his two intervening motions to reconsider sentence, this is precisely what defendant did: he filed an appeal challenging his sentence "without filing a motion for leave to withdraw [his] plea of guilty." We conclude the trial court's admonitions did not convey the rule's substance. See *Anderson*, 309 Ill. App. 3d at 421, 722 N.E.2d at 247 (finding trial court did not accurately convey the substance of Rule 605(b)). Therefore, the admonition exception to Rule 604(d) applies and *Foster* and *Jamison* require remand for strict compliance with Rules 604(d) and 605(b).

## III. CONCLUSION

We remand with directions.

Remanded with directions.

COOK, P.J., and GARMAN, J., concur.