THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LELEN L. BONDS, Defendant-Appellant.

Fourth District   No. 4—99—0620

Opinion filed November 22, 2000.

Daniel D. Yuhas and Duane E. Schuster, both of State Appellate Defender's Office, of Springfield, for appellant.

Barney S. Bier, State's Attorney, of Quincy (Norbert J. Goetten, Robert J. Biderman, and Kathy Shepard, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In April 1998, the trial court placed defendant, Lelen L. Bonds, on probation after he pleaded guilty to possession of a controlled substance with intent to deliver (less than one gram of a substance containing cocaine) (720 ILCS 570/401(d) (West Supp. 1997)). The State subsequently filed a petition to revoke defendant's probation, and defendant later admitted the petition's allegations. In December 1998, the court conducted a resentencing hearing and resentenced defendant to seven years in prison. After doing so, the court admonished defendant that he was required to file a motion to reconsider sentence within 30 days to preserve any sentencing issues he wished to raise on appeal.

In April 1999, defendant filed a motion for reduction of sentence accompanied by a "motion to file untimely." The trial court gave defendant an opportunity to file an amended motion, which he did. In July 1999, the court denied defendant's motions in his absence.

Defendant appeals, arguing that the trial court erred by denying his motion for reduction of sentence and "motion to file untimely." We affirm.

## I. BACKGROUND

In its October 1998 petition to revoke defendant's probation, the State alleged, in pertinent part, that defendant committed the offense of possession of cannabis (not more than 2.5 grams of a substance containing cannabis) on two separate dates in September 1998 (720 ILCS 550/4(a) (West 1998)). In November 1998, defendant admitted the allegations in the State's petition and the court set the matter for resentencing the following month.

At the December 28, 1998, resentencing hearing, the trial court

considered the presentence report, heard testimony from defendant and arguments of counsel, and resentenced defendant to seven years in prison. The court then admonished defendant as follows:

"In terms of his appeal rights on the admission to the petition to revoke and now this new offense, I do have to tell you that you have a right to appeal. Prior to taking an appeal, you must file in the trial court, that is with the [c]ircuit [c]lerk's [o]ffice, not my office, within 30 days of the date of your sentence. So that would be 30 days from today's date, you should file a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw your admission or plea setting forth the grounds for the motion. If the motion is allowed, the sentence would be modified or the admission, plea, sentence and judgment will be vacated and a trial date set on the charges to which the admission was made. Upon the request of the State, any charges that may have been dismissed as a part of the plea agreement, will be reinstated and also set for trial. If you are indigent, without enough money of your own, a copy of the transcript of the proceedings at the time of your admission or plea and sentence will be provided without cost to you and an attorney appointed to assist you in the preparation of the motion. You should understand that in any appeal taken from the judgment on admission or plea, any issue or claim of error not raised in the motion to reconsider the sentence or to vacate the judgment and withdraw your admission or plea, shall be deemed waived unless raised in this motion."

On April 14, 1999, defendant filed a motion for reduction of sentence, in which he wrote that the reason for his delay in filing was "because of the emotional state of mind he was in after the sentence was imposed upon him." The motion was verified, showing on its face that defendant signed it under oath on March 26, 1999. Accompanying defendant's motion for reduction of sentence was a "motion to file untimely," which was a form motion, meaning that it was a preprinted motion containing various blank spots in some of its paragraphs.

On May 4, 1999, the trial court conducted a brief hearing on defendant's motions, noting that defendant was in the Department of Corrections, and only an assistant State's Attorney was present. The court stated that paragraphs two and three of defendant's "motion to file untimely" were blank and before the court could rule upon the motion, those paragraphs would need to be completed. Accordingly, the court granted defendant leave to file an amended, complete "motion to file untimely."

Both orally at the hearing and in its written order, the trial court emphasized that it was not considering the motion for reduction of sentence at that time but only whether it "would even allow this to

proceed." Defendant was given until June 4, 1999, to file any amended motions, with the case continued until June 15, 1999, for further proceedings.

On May 18, 1999, defendant filed an amended "motion to file untimely," which now had the blanks in paragraphs two and three filled in. Those paragraphs, as amended, showed that on January 7, 1999, defendant was transferred from the Adams County jail to the Graham Correctional Center to begin his sentence and that he remained there for 22 days for the purpose of orientation before being transferred to the Vandalia Correctional Center.

Because the trial court was involved in a jury trial, the court continued the previously allotted June 15 hearing on its own motion until July 6, 1999. On that date, the State appeared by an assistant State's Attorney, but defendant did not appear either personally or by counsel. The prosecutor stated her objection to defendant's "motion to file untimely," which the court sustained, denying the motion. This appeal followed.

## II. ANALYSIS

Defendant argues that the trial court erred by denying his motions to reconsider sentence and to file untimely. Specifically, he contends that the court's denial of his motions as untimely was improper for the following reasons: (1) the court erred in its admonitions because, in the context of probation revocation proceedings, he was not required to file a motion to reconsider sentence before he could appeal his sentence; (2) the court had jurisdiction to consider both motions; (3) the court infringed his due process rights "and his right to meaningful access to the courts, by holding a hearing and allowing input from the prosecutor on the timeliness of the defendant's motion, without providing notice to the defendant or allowing him to respond"; and (4) he was not culpably negligent in filing his motions late.

The fundamental problem with defendant's entire argument is that it is premised upon the assertion that generally, and particularly under the facts of this case, he may file an untimely motion to reconsider sentence that the trial court can and should consider. This premise is not correct.

### A. Standard of Review

■ Because only the trial court's legal conclusions are at issue here, we review the court's ruling *de novo*. See *In re D.G.*, 144 Ill. 2d 404, 408-09, 581 N.E.2d 648, 649 (1991) ("where neither the facts nor [the] credibility of the witnesses is contested, the issue *** is a legal question which a reviewing court may consider *de novo*").

## B. The Trial Court's Admonitions

■ Defendant first argues that the trial court provided him with inaccurate and misleading admonitions concerning what he was required to do to preserve his right to challenge his sentence on appeal from his probation revocation. Specifically, he contends that the court erred in its admonitions because, in the context of probation revocation proceedings, he was not required to file a motion to reconsider sentence before he could appeal his sentence.

In *People v. Tufte*, 165 Ill. 2d 66, 71-72, 649 N.E.2d 374, 377 (1995), the supreme court held that a defendant's admission that he violated the terms of his conditional discharge should not be construed as a guilty plea, so as to trigger the trial court's duty, under Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)), to admonish the defendant that he is required to file a motion to vacate his guilty plea, or a motion to reconsider his sentence, before the defendant may appeal from the trial court's judgment. Following *Tufte*, this court in *In re J.E.M.Y.*, 289 Ill. App. 3d 389, 390-91, 682 N.E.2d 451, 452 (1997), concluded that an admission to a probation violation, as occurred in this case, did not require compliance with Rule 604(d) (145 Ill. 2d R. 604(d)). That rule requires a defendant appealing from a judgment entered upon a plea of guilty to first file in the trial court, within 30 days of the date on which his sentence was imposed, a motion to reconsider the sentence if he only wishes to challenge his sentence on appeal. Thus, defendant is correct in his assertion that the trial court's admonition to him was not accurate where the court told him that, before he could appeal, he first had to file a motion to reconsider sentence within 30 days of the date of his sentencing. However, our analysis does not end here.

While most cases concerning Rules 604(d) and 605(b) address trial court admonitions that say too little (see, *e.g.*, *People v. Anderson*, 309 Ill. App. 3d 417, 722 N.E.2d 244 (1999)), this case involves a trial court's admonition that said too much. Here, the court instructed defendant that he needed to file a motion to reconsider sentence within 30 days if he wanted to appeal his sentence even though he could have appealed his sentence directly without taking that action. Thus, this court must determine the effect of the court's incorrect admonition and whether it excuses the untimely filing of defendant's motion to reconsider sentence.

Although the trial court incorrectly informed defendant that he *needed* to file a motion to reconsider sentence before he could appeal, the law does not prohibit a defendant from *choosing* to file such a motion. In other words, a defendant who has been sentenced after admitting to the allegations of a petition to revoke probation, who believes

either that the court erred at the sentencing hearing or imposed an excessive sentence, is permitted under the law to file within 30 days of that sentence a motion to reconsider. If such a motion is timely filed, whether the law required that motion or not, the trial court must consider it in due course and make its ruling.

Thus, in the present case, the trial court informed defendant about filing a motion to reconsider sentence and that, if defendant wished to file such a motion, he must do so within 30 days of the resentencing hearing. That the trial court also told defendant that his failure to file such a motion would defeat his right to appeal is not relevant to defendant's claim that the court erred by denying his motion to reconsider as untimely. Moreover, the court's incorrect admonition amounts essentially to surplusage on this record because defendant has never sought to appeal his sentence. Instead, all he has sought is a hearing before the trial court to reconsider his sentence.

## C. The Trial Court's Jurisdiction

Defendant also argues that the trial court had jurisdiction to consider his untimely motion to reconsider sentence. We disagree.

Motions to reconsider sentence are governed first by the specific provisions of Rule 604(d) and second by general principles governing trial court jurisdiction. First, Rule 604(d) requires that a motion to reconsider sentence must be filed "within 30 days of the date on which sentence is imposed." 145 Ill. 2d R. 604(d). In *Anderson*, 309 Ill. App. 3d at 421, 722 N.E.2d at 247, this court spoke of how Rule 604(d) requires strict compliance with its provisions. In *People v. Handy*, 278 Ill. App. 3d 829, 837, 664 N.E.2d 1042, 1047 (1996), this court observed that in *People v. Foster*, 171 Ill. 2d 469, 665 N.E.2d 823 (1996), the Supreme Court of Illinois, in the course of a four-page opinion, referred four times to the need for "strict compliance" with Rule 604(d). See also *People v. Pegues*, 277 Ill. App. 3d 884, 887, 661 N.E.2d 405, 406-07 (1996) (failure to file motion to reconsider sentence before trial court within prescribed 30-day time period forfeits opportunity to do so).

Second, general provisions limiting trial court jurisdiction to 30 days after final judgment (here, the imposition of sentence) apply as well. In *People v. Wakeland*, 15 Ill. 2d 265, 269, 154 N.E.2d 245, 248 (1958), the Supreme Court of Illinois wrote the following:

> "It is well settled that during the period of [30] days following the entry of a judgment of conviction, the court has jurisdiction to correct an error therein, provided judgment remains unexecuted. When a person accused of a crime has been convicted, sentenced[,] and delivered into the custody of the proper officer of the penitentiary under a *mittimus*, the court rendering the judgment and imposing the sentence loses jurisdiction over the case and is without power to vacate, set aside[,] or modify the judgment ***.''

See also *People v. Adams*, 144 Ill. 2d 381, 393, 581 N.E.2d 637, 643 (1991) ("once a defendant has been sentenced and placed into the custody of the Department of Corrections, the court rendering judgment and imposing sentence loses jurisdiction over the case and is without power to vacate, set aside[,] or modify the judgment").

The only case defendant cites in support of his claim that the trial court had jurisdiction to consider his untimely filed motion to reconsider sentence is *People v. Mink*, 141 Ill. 2d 163, 565 N.E.2d 975 (1990), but that case is completely inapposite. In *Mink*, the defendant was convicted of drug offenses and filed a motion for a new trial, which the trial court granted. The State subsequently filed a motion for reconsideration, which was granted, and the court reinstated the defendant's convictions. The appellate court reversed, holding that the first ruling on the defendant's posttrial motion was, in substance, an acquittal, and that double jeopardy principles barred the trial court from reconsidering the order. *Mink*, 141 Ill. 2d at 166, 565 N.E.2d at 976.

The supreme court granted the State's petition for leave to appeal and reversed, holding that the trial court did not violate double jeopardy principles when it reconsidered the new trial order and entered judgment on the jury's findings of guilt. *Mink*, 141 Ill. 2d at 180, 565 N.E.2d at 982. In the course of its decision, the supreme court wrote that, "[s]o long as the case was pending before it, the trial court had jurisdiction to reconsider any order which had previously been entered." *Mink*, 141 Ill. 2d at 171, 565 N.E.2d at 979. Citing this language, defendant argues that, in the present case, "the trial court retained jurisdiction, and in fact exercised it, when the court issued its order of May 4, 1999, allowing the defendant to amend his pleadings." We disagree.

■ Defendant's argument and citation to *Mink* assume that, when the trial court issued its order of May 4, 1999, it *already had* jurisdiction regarding defendant's untimely motion to reconsider sentence. In fact, the court did not.

The trial court had warned defendant at his sentencing hearing that if he wished to file a motion to reconsider sentence, he must do so within 30 days of that date. Defendant failed to take that action, and as a result, the court had no jurisdiction to entertain either his motion to reconsider sentence or the accompanying "motion to file untimely" that were filed 3½ months after the sentencing hearing. That the court in its May 9, 1999, order, seemingly purported to exercise jurisdiction with regard to these motions did not render its action legitimate.

To better illustrate the weakness in defendant's position, it is

helpful to imagine that he filed his motions 2¹/₂ *years*, rather than 2¹/₂ months, late. Under defendant's theory, the trial court would still have jurisdiction over his motion to reconsider sentence. Indeed, defendant's argument contains no outside range for when such a motion could be filed or properly considered by the court.

## D. Defendant's Due Process Claim

■ Defendant also contends that the trial court erred by denying his motions in a July 1999 proceeding when (1) he was not present and (2) the court permitted the prosecutor to state her objection to those motions. We agree with defendant that, under ordinary circumstances, these procedures would be problematic. However, in this instance the trial court was without jurisdiction to entertain his motions in the first place. Upon receiving those motions, the court should have entered an order summarily denying them. Thus, any alleged impropriety in the court's handling of those motions could not constitute a denial of defendant's due process rights.

## E. Culpable Negligence

■ Last, we note that defendant, in his "motion to file untimely," attempted to explain that the untimely filing of his motion to reconsider sentence was not due to his culpable negligence. However, this is an irrelevant consideration. Although the legislature has provided that an otherwise untimely postconviction petition may be accepted by the trial court if the petitioner "alleges facts showing that the delay was not due to his or her culpable negligence" (725 ILCS 5/122—1(c) (West 1998)), Rule 604(d) contains no such provision, nor does any case law exist that recognizes a claim that the absence of culpable negligence excuses the untimely filing of a motion to reconsider sentence. This appears to be a matter of first impression in Illinois, and we explicitly reject that claim.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

McCULLOUGH and MYERSCOUGH, JJ., concur.