2020 IL App (2d) 180429-U
No. 2-18-0429
Order filed March 27, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 16-CF-1675 |
| REGINALD WEATHERSBY, | ) ) ) | Honorable John A. Barsanti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE Schostok delivered the judgment of the court.
Justices Zenoff and Jorgensen concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Although defendant did not file a motion to withdraw his guilty plea as required by Rule 604(d), his noncompliance with that rule was excused by the trial court's failure to substantially comply with Rule 605(c); thus, the cause is remanded for proper admonishments and for the filing of the motion.

¶ 2   Defendant, Reginald Weathersby, contends that, because the trial court failed to properly admonish him under Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001), we should excuse his failure to file a motion to withdraw his negotiated guilty plea and remand for proper admonishments.  Because the court did not properly admonish defendant that he needed to file a motion to withdraw his guilty plea before filing an appeal, we remand.

¶ 3                                          I. BACKGROUND

¶ 4       Defendant was indicted in the circuit court of Kane County on one count of aggravated battery of a peace officer (720 ILCS 5/12-3.05(d)(4) (West 2016)). He entered a negotiated guilty plea. Pursuant to the plea agreement, the charge was reduced to aggravated resisting a peace officer (720 ILCS 5/31-1(a-7) (West 2016)), another case was *nolle prossed*, and defendant was sentenced to 180 days in jail[1] and 30 months' probation.

¶ 5       At the guilty-plea proceeding, the trial court admonished defendant that, among other things, he had the "right to file a motion asking [the trial court] to let [him] take back [the] guilty plea and asking [the trial court] to vacate the plea, judgment, and sentence that's been entered here today." The court added that, if defendant wanted to withdraw his guilty plea, he must do so by filing a written motion within 30 days. The court explained that, if it granted such a motion, it would vacate the judgment, the plea, and the sentence and the case would revert to its preplea status. The court further advised defendant that, if he was indigent, it would provide him a free attorney and free transcripts of the plea proceeding to assist him in preparing a motion to withdraw the guilty plea. Finally, the court advised defendant that, if he filed the motion to withdraw and the court denied it, he "could go to the appellate court where [he] could ask [that court] to review [the trial court's] decision."

¶ 6       Defendant never filed a motion to withdraw his guilty plea. Instead, he filed *pro se* a notice of appeal. The appellate defender was appointed to represent defendant.

---

[1] We note that, although the written judgment states that defendant was sentenced to 170 days in jail, the trial court's oral pronouncement was 180 days in jail. The oral pronouncement controls. *People v. Carlisle*, 2015 IL App (1st) 131144, ¶ 87.

¶ 7                                   II. ANALYSIS

¶ 8     On appeal, defendant contends that the trial court failed to properly admonish him under Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001), and therefore, this court should excuse his failure to file a motion to withdraw his guilty plea and remand to the trial court for proper admonishments. The State responds that the trial court substantially complied with Rule 605(c), and therefore the appeal should be dismissed.

¶ 9     Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) requires that a defendant first bring any claim regarding his guilty plea or sentence to the trial court. *People v. Braden*, 2018 IL App (1st) 152295, ¶ 21 (citing *People v. Foster*, 171 Ill. 2d 469, 471 (1996)). The purpose of Rule 604(d) is to ensure that, before an appeal can be taken from a guilty plea, the trial court that accepted the plea and imposed the sentence was given the opportunity to consider any alleged improprieties. *Braden*, 2018 IL App (1st) 152295, ¶ 22. Accordingly, where a defendant fails to file in the trial court a Rule 604(d) motion to withdraw his guilty plea, the appellate court is precluded from considering the merits of, and must dismiss, the appeal. *People v. Flowers*, 208 Ill. 2d 291, 301 (2003).

¶ 10    Rule 604(d) presumes, however, that a defendant was sufficiently admonished of the steps required to perfect an appeal. *Braden*, 2018 IL App (1st) 152295, ¶ 23. To that end, Rule 605(c) identifies the points on which the trial court must admonish a defendant after entering a negotiated guilty plea. Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001). Pursuant to Rule 605(c), the trial court shall advise a defendant substantially that, among other things, he has the right to appeal and that, before taking an appeal, he must file in the trial court a written motion asking to have the judgment vacated and for leave to withdraw the guilty plea. Ill. S. Ct. R. 605(c)(1), (c)(2) (eff. Oct. 1, 2001).

¶ 11    Because Rule 605(c) uses the term "substantially," the trial court is not required to use the exact language of the rule. *People v. Dominguez*, 2012 IL 111336, ¶ 22. Admonishments are proper if they sufficiently inform the defendant of the essence or substance of Rule 605(c). *Dominguez*, 2012 IL 111336, ¶ 22. However, admonishments are insufficient if the trial court leaves out the substance of the rule. *Dominguez*, 2012 IL 111336, ¶ 22. Under Rule 605(c), a court must advise a defendant substantially, among other things, that he has a right to appeal (Ill. S. Ct. R. 605(c)(1) (eff. Oct. 1, 2001)) and the steps required to preserve that right (Ill. S. Ct. R. 605(c)(2) (eff. Oct. 1, 2001)). *Dominguez*, 2012 IL 111336, ¶ 22. We review *de novo* a trial court's compliance with Rule 605(c). *Dominguez*, 2012 IL 111336, ¶ 13.

¶ 12    Here, the trial court failed to properly admonish defendant under Rule 605(c). Although the court admonished defendant as to most aspects of Rule 605(c), it never mentioned that defendant had a right to appeal or, more importantly, that before he could appeal he must first file a motion to withdraw his guilty plea. At best, the court advised defendant that, if he filed a motion to withdraw his plea and it was denied, he could then appeal that ruling. Although that admonishment was accurate, it fell short of advising defendant that, to appeal his guilty plea, he must first file a motion to withdraw his plea. As noted, the prerequisites for filing an appeal are an essential part of the substance of Rule 605(c). Ill. S. Ct. R. 605(c)(2) (eff. Oct. 1, 2001). Thus, when the court failed to advise defendant that he first must file a motion to withdraw his guilty plea before filing an appeal, it did not substantially comply with Rule 605(c).

¶ 13    The State's reliance on *Dominguez* is misplaced. In *Dominguez*, the supreme court held that, despite failing to advise the defendant correctly of several components of Rule 605(c), the trial court substantially complied with Rule 605(c). *Dominguez*, 2012 IL 111336, ¶¶ 38-54. However, the court did so only after considering, along with the oral admonishments, written

admonishments, signed by the defendant, containing a nearly verbatim recitation of Rule 605(c). *Dominguez*, 2012 IL 111336, ¶ 54. Here, unlike in *Dominguez*, there were no written admonishments to supplement the oral admonishments. Thus, *Dominguez* does not support the State.

¶ 14    Because the trial court did not advise defendant of the need to file a motion to withdraw his guilty plea before filing an appeal, it failed to substantially comply with Rule 605(c). We excuse defendant from having failed to do so and remand for proper admonishments.[2]

¶ 15                                III. CONCLUSION

¶ 16    For the reasons stated, we remand the cause to the circuit court of Kane County for compliance with Rule 605(c) and to allow defendant the opportunity to file a motion under Rule 604(d).

¶ 17    Remanded.

---

[2] We note that, although the supreme court has held that a trial court need only substantially comply with Rule 605(c), a better practice to ensure that a defendant understands the admonishments of Rule 605(c) would be to use language that mirrors that rule. Additionally, the use of a written form reciting verbatim the language of Rule 605(c) and containing defendant's signed acknowledgement, although not a substitute for oral admonishments, would supplement the oral admonishments and further ensure compliance with Rule 605(c). See *Dominguez*, 2012 IL 111336, ¶ 30.