2022 IL App (2d) 210685-U
No. 2-21-0685
Order filed September 15, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 18-CF-2589 |
| TARELL D. GREEN, a/k/a Tarrell D. Green, | ) ) ) | Honorable Daniel B. Shanes, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUDSON delivered the judgment of the court.
Presiding Justice Brennan and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where defendant failed to comply with Rule 604(d) despite being properly admonished of the rule's requirements, we dismiss this appeal. We decline to recognize a general due process exception to compliance with Rule 604(d).

¶ 2    Defendant Tarell D. Green, a/k/a Tarrell D. Green, entered a negotiated plea of guilty to a single count of attempted aggravated battery (720 ILCS 5/8-4(a), 12-3.05(b)(1) (West 2014)). In exchange for his plea, the trial court sentenced him to a 14-year prison term, with credit for 1003 days in custody, and the State dismissed other charges. Thereafter, defendant unsuccessfully moved to reduce his sentence. Defendant appeals, arguing that he was denied his due process

rights because (1) he was not present when the motion was decided and (2) his attorney "neither spoke with [him] about the motion nor advocated on his behalf." We dismiss this appeal for lack of compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 3                                    I. BACKGROUND

¶ 4        Defendant entered his negotiated guilty plea on August 5, 2021. He was represented by attorney LaTonya Burton. After accepting the plea and imposing sentence, the trial court advised defendant that he had the right to appeal. The court further advised defendant that before bringing an appeal he would have to file, within 30 days, a motion to withdraw his guilty plea.

¶ 5        Defendant subsequently filed, by mail, two *pro se* motions to reduce his sentence. The motions were mailed on different days but were both filed on August 30, 2021. The later-mailed motion indicated that, while in custody, defendant had (1) attended parenting classes, (2) completed the Revive Lake County program, (3) completed the "GED constitutional test," (4) taken 12 months of school, achieving test scores of 80% to 90%, and (5) completed a teacher assistant program for English as a second language.

¶ 6        On September 2, 2021, defendant appeared in court without counsel. The court asked defendant whether he had told his attorney that he would be filing the motions. Defendant responded, "I asked her to come and see me the other day. I haven't seen her yet." Defendant indicated that he wanted to proceed with the "amended motion" and asked the court to disregard the first motion. Defendant asked the court to send his attorney a copy of "the amended motion, the second motion." The court asked defendant if he would like to remain in the county jail (rather than be transferred to the Department of Corrections (Department)) until the next hearing. Defendant said that he would, and the matter was continued to September 23, 2021. Nonetheless, defendant was transferred to the custody of the Department on September 9, 2021.

¶ 7     Neither Burton nor defendant was present in court on September 23, 2021. The court continued the case to October 22, 2021. On that date, Burton appeared at the hearing (which was video-conferenced), but defendant was not present. The trial court stated that the matter was before the court on defendant's *pro se* motion to reduce his sentence. Burton advised the court, "I'm here [as] more of a friend of the Court, just to make sure things go—if you need me, but I know nothing about it." The following exchange then occurred:

"THE COURT: Well, he outlines what I would loosely call mitigation in his motion. That's fine.

It was a fully negotiated plea. So my question is this: Are you seeking an opportunity to amend it? Are you going to file anything? Do you need to talk to him anymore about this?

MS. BURTON: He hasn't reached out to me.

The last time I checked, he didn't want me on the case anymore. ***

He never reached out to me about this. And the motion says *pro se*, so I think that he is doing this.

I'm not adopting motions. I'm not filing anything.

And I wasn't going to get in touch with him.

If the Court would like me to, I would, but he—I don't think he wants me to, Judge."

¶ 8     The prosecutor remarked that defendant might have been under the misimpression that his accomplishments while in custody entitled him to statutory credit toward his sentence. The prosecutor did not believe that defendant was entitled to any such credit and had no "problem with disposing of the motion now." The prosecutor added, "if for some reason, there is some other information, I will take it up."

¶ 9    The trial court denied defendant's motion, reasoning, *inter alia*, that because defendant had entered a fully negotiated guilty plea, his only recourse was to move to withdraw his plea. This appeal followed.

¶ 10                            II. ANALYSIS

¶ 11    Defendant argues on appeal that his due process rights were violated in that (1) the trial court denied his motion to reduce his sentence at a hearing from which he was absent and (2) his attorney did not "meaningfully represent" him at that hearing.

¶ 12    Before we may address the merits of defendant's arguments, we must first determine whether this appeal is properly before us. This appeal arises from defendant's conviction following the entry of a guilty plea. Rule 604(d) provides in pertinent part:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.
>
> No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

It is well established that "[a] failure to file the appropriate motion requires dismissal of an appeal from a conviction on a plea of guilty." *People v. Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 9

(citing *People v. Wilk*, 124 Ill. 2d 93 (1988)).  Here, defendant's guilty plea was negotiated; thus, before taking an appeal he was required to file a motion to withdraw his plea and vacate the judgment.  Instead, he moved to reduce his sentence.

¶ 13     Defendant acknowledges that, ordinarily, where a defendant appeals from a conviction on a negotiated guilty plea without first moving to withdraw the plea, we must dismiss the appeal.  However, defendant argues that "under certain circumstances an Appellate Court should consider whether the matter should be remanded for further proceedings."  As an example, defendant cites the "admonition exception" to Rule 604(d)'s motion requirement.  Illinois Supreme Court Rules 605(b) and (c) (eff. Oct. 1, 2001) provide that when sentencing a defendant who has entered a plea of guilty, the trial court must explain to the defendant the applicable motion requirements of Rule 604(d) that must be satisfied before an appeal may be taken.  In *People v. Foster*, 171 Ill. 2d 469, 473 (1996), our supreme court held that "[w]here such admonitions have not been issued, it would violate procedural due process rights to hold a defendant responsible for noncompliance with the strictures of Rule 604(d)."  In such cases, the proper disposition is not to dismiss the appeal or decide it on the merits but, rather, to remand for strict compliance with Rule 604(d).  *Id.* at 474.

¶ 14     Defendant does not deny that, despite proper admonishments under Rules 605(b) and 605(c), he appealed without first moving to withdraw his negotiated guilty plea and vacate the judgment.  Instead, defendant essentially asks us to expand the admonition exception into a broad holding that "where procedural due process has been violated, a court of review should consider a defendant's appeal even if, contrary to the requirements of Rule 604(d), the defendant filed a motion to reconsider the sentence rather than a motion to vacate the plea."  Defendant claims that his procedural due process rights were violated "because he was deprived of the right to be present

[at certain postplea proceedings] and because his attorney's complete lack of advocacy denied him a meaningful opportunity to be heard."

¶ 15   We decline defendant's invitation to recognize a general due process exception to compliance with Rule 604(d). *Foster* holds simply that where the trial court did not properly admonish the defendant per Rules 605(b) and 605(c), it would violate due process to demand compliance with Rule 604(d). See *Foster*, 171 Ill. 2d at 473. *Foster* does not suggest that *any* type of procedural due process violation is reviewable regardless of compliance with Rule 604(d). Nor does *Foster* indicate that insisting on compliance with Rule 604(d) might violate procedural due process even where the defendant was properly advised of Rule 604(d)'s requirements. Here, defendant, "[h]aving been instructed regarding Rule 604(d)'s mandates, *** cannot *** argue procedural unfairness when he suffers the ramifications of his noncompliance." *Foster*, 171 Ill. 2d at 472. Accordingly, we must dismiss this appeal.

¶ 16                                    III. CONCLUSION

¶ 17   For the reasons stated, we dismiss this appeal from the circuit court of Lake County.

¶ 18   Appeal dismissed.