THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THOMAS W. JONES, Defendant-Appellant.

Third District    No. 3—03—0145

Opinion filed June 10, 2004.

Fletcher P. Hamill, of State Appellate Defender's Office, of Ottawa, for appellant.

Jeff Tomczak, State's Attorney, of Joliet (Lawrence M. Bauer and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McDADE delivered the opinion of the court:

The defendant, Thomas W. Jones, was charged with first degree murder. Based on a fitness evaluation requested by the defendant (725

ILCS 5/104—11(b) (West 1998)), the trial judge found that the defendant was fit while on specified medications. The court's order stated that the sheriff's department was to continue the defendant's medications and was not to change them without the prior approval of the court. At the defendant's plea hearing, the defendant told the court that he was no longer receiving the medications. Pursuant to a fully negotiated agreement, the defendant then pled guilty to second degree murder and was sentenced to 15 years' imprisonment. His motion to reconsider sentence was denied as untimely. On appeal, the defendant argues that the trial court erred by conducting proceedings without properly finding him to be fit. The State contends that we must dismiss the defendant's appeal for failure to comply with Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)). We hold that we are not required to dismiss the appeal. We reverse and remand.

## BACKGROUND

On March 31, 1999, the State charged the defendant with first degree murder. On June 4, 1999, the defendant filed a motion for a fitness evaluation. Judge Amy Bertani-Tomczak granted the motion in an order stating "the Court finds that a bona fide doubt exists as to the defendant's fitness to stand trial." The court appointed Dr. Randi M. Zoot to conduct the evaluation. In the evaluation, Zoot opined that the defendant was fit while on Depakote and Thorazine.

On August 4, 1999, Judge Bertani-Tomczak conducted a hearing concerning Zoot's fitness report. The following exchange took place among the judge, defense counsel, and the prosecutor:

"THE COURT: Okay. What would you like to do based upon the report?

[DEFENSE COUNSEL]: Stipulate to the fitness, Judge.

THE COURT: Is the State going to stipulate?

[THE PROSECUTOR]: We'll stipulate.

THE COURT: Show the Court is in receipt of Dr. Zoot's report pursuant to her appointment. *** Show based upon the stipulation of the report, I'm going to find that the defendant is currently fit to stand trial on his current medications, which are Depakote and Thorazine. And I'm also going to tender the following order that the sheriff's department or the medical unit in the Will County Jail not change that medication. He is currently fit on that medication and it's not to be changed unless the Court is first notified of that change."

Judge Bertani-Tomczak's written order states the following:

"1) That the Defendant is found fit on medication[.]

2) The Defendant is currently receiving Depakote and Thorazine[.]

3) The Sheriff is ordered to continue giving the Defendant this medication and cannot change the medication without prior approval of this Court[.]"

On July 17, 2000, the defendant appeared before Judge Daniel J. Rozak to plead guilty and to be sentenced. After the court accepted the State's factual basis for the plea, the following exchange took place between the defendant and Judge Rozak:

"THE COURT: Are you taking any drugs or medication for anything ***?

\* \* \*

THE DEFENDANT: *** I have been taken off of the *** medication I was on.

THE COURT: When was that?

THE DEFENDANT: Approximately two to three weeks ago.

THE COURT: Okay. And as we sit here today, you are not taking any drugs or medication for anything, is that right?

\* \* \*

THE DEFENDANT: I am not taking anything.

THE COURT: Is there anything about the medication that you were taking up to a few weeks ago or the lack of taking it now that would affect your ability to understand the nature of these proceedings?

THE DEFENDANT: No."

The defendant then agreed to plead guilty in exchange for the State reducing the charge from first degree murder to second degree murder and recommending a 15-year prison sentence. The court accepted the defendant's plea under the terms of the agreement and sentenced the defendant accordingly. The trial court then admonished the defendant concerning how to perfect an appeal. The court issued its sentencing order on July 19, 2000.

On January 14, 2003, the defendant filed a motion to reconsider sentence in which he argued that his sentence was excessive. On January 17, 2003, the motion was denied as untimely. The defendant appealed.

## ANALYSIS

### I. Rule 604(d)

The State submits that we must dismiss the defendant's appeal because he filed a Rule 604(d) motion that was both incorrect and untimely.

■ Under Rule 604(d), if a defendant wishes to appeal following a judgment based on a negotiated guilty plea, the defendant first must file a motion to withdraw the guilty plea within 30 days after being sentenced. 188 Ill. 2d R. 604(d). As a general rule, an appellate court

must dismiss an appeal when the defendant has failed to follow Rule 604(d). *People v. Flowers*, 208 Ill. 2d 291, 802 N.E.2d 1174 (2003); *People v. Wilk*, 124 Ill. 2d 93, 529 N.E.2d 218 (1988).

Rule 604(d), however, must be read together with Supreme Court Rule 605 (210 Ill. 2d R. 605). *Wilk*, 124 Ill. 2d 93, 529 N.E.2d 218. Rule 605 requires the trial court to admonish a defendant who has pled guilty concerning the appellate procedures of Rule 604(d). 210 Ill. 2d R. 605. If there is a *bona fide* question concerning the defendant's fitness, the defendant cannot be presumed to have understood the court's Rule 605 admonishments. *People v. McKay*, 282 Ill. App. 3d 108, 668 N.E.2d 580 (1996). Under such circumstances, the appellate court is not required to dismiss an appeal if the defendant failed to comply with Rule 604(d). *McKay*, 282 Ill. App. 3d 108, 668 N.E.2d 580. We review questions concerning supreme court rule compliance *de novo*. *People v. Hall*, 198 Ill. 2d 173, 760 N.E.2d 971 (2001).

■ The defendant's appeal is from a judgment of conviction based on a fully negotiated guilty plea. For the defendant to perfect his appeal, he was required by Rule 604(d) to file a motion to withdraw his guilty plea within 30 days of being sentenced. Instead, he filed a motion to reconsider sentence nearly 2½ years after being sentenced. The defendant failed to comply with Rule 604(d) by filing a motion that sought incorrect relief and was untimely.

The defendant's failure to comply with Rule 604(d) does not end our analysis, however, because that failure might be excused by his mental condition at the time he was given the Rule 605 admonishments. In this case, the trial court found that a *bona fide* doubt existed concerning the defendant's fitness. In addition, for reasons we explain below, the defendant was not properly found to be fit for the proceedings that followed his fitness evaluation. Under these circumstances, the defendant cannot be presumed to have understood the court's Rule 605 admonishments concerning Rule 604(d)'s appeal procedures. See *McKay*, 282 Ill. App. 3d 108, 668 N.E.2d 580. Despite the defendant's failure to comply with Rule 604(d), we are not required to dismiss the defendant's appeal as a matter of law because a *bona fide* doubt existed concerning his fitness.

The dissent challenges our reliance on *McKay*, finding it to have been undermined by *People v. Flowers*, 208 Ill. 2d 291, 802 N.E.2d 1174 (2003). We do not read the cases that way.

*McKay* held that filing an untimely Rule 604(d) motion does not deprive the *appellate* court of jurisdiction to consider the appeal. As is the case here, the *McKay* appeal required analysis of the interaction of Supreme Court Rules 604(d) and 605(b). It strains reason to say that because defendant did not follow one the appellate court may not

consider the impact of both. And, indeed, *Flowers* cannot be fairly read as taking a contrary position.

In its earlier decision in *People v. Foster*, 171 Ill. 2d 469, 665 N.E.2d 823 (1996), the supreme court approved the application of the "admonition exception" used by several panels of the appellate court. The exception allows the appellate court to entertain appeals where trial courts fail to issue Rule 605(b) admonitions, notwithstanding noncompliance with Rule 604(d)'s written-motion requirement. *Foster*, 171 Ill. 2d at 473, 665 N.E.2d at 825.

It seems but a small step from an exception for no admonitions at all to an exception for admonishments given to an unfit defendant who cannot understand or comply with them. That is the step that *McKay* has taken and that we are following. In both the case at bar and in *McKay*, the issue is and was the same: whether defendant was sufficiently fit—McKay because he was taking psychotropic drugs and Jones because he was not taking the prescribed drugs which the court had found necessary to render him fit—to understand and comply with the court's admonishments. In other words, did each fail to comply with 604(d) because they "didn't get" Rule 605(b)?

*Flowers* stated that "[t]he discovery that a defendant has failed to file a timely 604(d) motion in the circuit court does not deprive the appellate court of jurisdiction over a subsequent appeal." *Flowers*, 208 Ill. 2d at 301, 802 N.E.2d at 1180. The court went on to note the general rule that the failure to file a timely Rule 604(d) motion precludes the appellate court from considering the appeal *on the merits* and it must be dismissed. The court observed, however:

> "This rule is not without exceptions. *Dismissal of an appeal based on a defendant's failure to file the requisite motions in the trial court would violate due process if the defendant did not know that filing such motions was necessary.*" (Emphasis added.) *Flowers*, 208 Ill. 2d at 301, 802 N.E.2d at 1180.

If a defendant has not been properly admonished, the appeal is not dismissed. Instead, the cause is remanded to the trial court for strict compliance with Rule 604(d). The supreme court, finding that Flowers had been properly admonished, held that the untimely filing of her Rule 604(d) motion deprived the *trial court* of jurisdiction and that the appellate court lacked "authority" to allow the appeal to proceed for consideration on the merits.

For these reasons, we cannot agree with the dissent that *McKay* and *Flowers* are irreconcilable and that *Flowers* somehow precludes our decision that we can consider this appeal.

## II. Fitness

■ The defendant contends that the trial court erred by failing to make a proper fitness determination.

"(a) The issue of the defendant's fitness \*\*\* to plead, or to be sentenced may be raised by the defense, \*\*\* at any appropriate time before a plea is entered or before, during, or after trial. When a bona fide doubt of the defendant's fitness is raised, the court shall order a determination of the issue before proceeding further.

(b) Upon request of the defendant that a qualified expert be appointed to examine [the defendant] to determine prior to trial if a bona fide doubt as to [the defendant's] fitness to stand trial may be raised, the court, in its discretion, may order an appropriate examination." 725 ILCS 5/104—11(a), (b) (West 1998).

■ Due process concerns prevent a court from proceeding unless a defendant is determined to be fit. *People v. Cleer*, 328 Ill. App. 3d 428, 766 N.E.2d 311 (2002). Ordinarily, we review a trial court's decision concerning fitness for abuse of discretion. *People v. Contorno*, 322 Ill. App. 3d 177, 750 N.E.2d 290 (2001). However, when the issue concerns the constitutional question of due process, the record must show that the trial court affirmatively exercised its discretion in determining the defendant's fitness. *Contorno*, 322 Ill. App. 3d 177, 750 N.E.2d 290.

■ In this case, Judge Bertani-Tomczak found that a *bona fide* doubt existed concerning the defendant's fitness under section 104—11(a). She granted the defendant's request for a fitness examination under section 104—11(b). Judge Bertani-Tomczak then made a determination of the defendant's fitness under section 104—11(a). Her fitness determination, however, was conditional. Judge Bertani-Tomczak found that the defendant was fit while on Depakote and Thorazine.

Judge Bertani-Tomczak's fitness determination is problematic for two reasons. First, the plain language of section 104—11(a) does not mention that a fitness determination may be conditional. The statute only contemplates a finding that the defendant is fit or unfit. Courts are not to read into a statute such exceptions, limitations, or conditions that depart from its plain meaning. *People v. Cameron*, 336 Ill. App. 3d 548, 784 N.E.2d 438 (2003).

The second problem created by the conditional fitness determination is that if the defendant was fit while on specific medications, the converse also might be true, *i.e.*, that the defendant was unfit without these medications. At the hearing before the defendant entered his plea, Judge Rozak seemed to be unaware of Judge Bertani-Tomczak's previous fitness order. Contrary to her order that the sheriff's department not alter the defendant's medication without the prior approval of the court, the defendant stated that he had been taken off all medications for the previous two or three weeks. If the defendant's statement was true, he could have been unfit to plead, to be sentenced, or to understand the court's admonishments.

We conclude that the trial court issued a fitness order that was not authorized by statute because it was a conditional fitness determination. Thus, we hold that the court failed to properly exercise its discretion to determine the defendant's fitness. See *Contorno*, 322 Ill. App. 3d 177, 750 N.E.2d 290.

We find the Illinois Supreme Court's ruling in *People v. Kinkead*, 182 Ill. 2d 316, 695 N.E.2d 1255 (1998), to be instructive in fashioning a remedy for the circumstances of the present case. In *Kinkead*, the defendant went to trial, was found guilty, and was sentenced. During the proceedings, the defendant was on the psychotropic medication Thorazine. Prior to trial, the court had determined that a *bona fide* doubt existed concerning the defendant's fitness. The trial court, however, had not made a proper fitness determination. The *Kinkead* court reversed and remanded. Our supreme court ruled that the defendant was entitled to a new trial because five years had passed since the original proceeding, rendering a retrospective fitness hearing inappropriate.

In this case, the trial court issued the unauthorized fitness order on August 4, 1999, which was more than four years ago. Under *Kinkead*, a retrospective fitness hearing is an inappropriate remedy because such a long period of time has elapsed since the original fitness proceedings. Because a *bona fide* doubt existed concerning the defendant's fitness prior to the entry of his plea, the defendant's fitness to plead, to be sentenced, or to comprehend the court's admonishments was in question. Therefore, we reverse the Will County circuit court's judgment of conviction and remand the matter for a determination of the defendant's fitness to plead, and, if appropriate, for further proceedings.

Reversed and remanded with directions.

BARRY, J., concurs.

JUSTICE SCHMIDT, dissenting:

I respectfully dissent. As the majority sets forth, the defendant was sentenced on July 19, 2000. The defendant filed a motion to reconsider sentence (without moving to withdraw his guilty plea) on January 17, 2003, arguing only that his sentence was excessive. On January 13, 2003, the motion was denied as untimely.

The majority relies on *People v. McKay*, 282 Ill. App. 3d 108, 668 N.E.2d 580 (1996), for the proposition that we can consider the merits

of defendant's appeal. The *McKay* court found that a Rule 604(d) motion is not jurisdictional. *McKay*, 282 Ill. App. 3d at 111. However, as the supreme court has recently made clear in *Flowers*, a circuit court does not have jurisdiction to entertain an untimely Rule 604(d) motion. *Flowers*, 208 Ill. 2d at 306.

The supreme court made it plain that the power of the appellate court attaches only upon compliance with rules governing appeals, such as Rule 604(d). *Flowers*, 208 Ill. 2d at 308.

At the time of sentencing, the trial court clearly advised defendant of his right to appeal and of the steps he was required to take before an appeal could be filed. Defendant was represented by counsel. The transcript of proceedings indicates that defendant heard and understood the court's admonishments under Supreme Court Rule 605 (145 Ill. 2d R. 605). Unlike the *McKay* defendant, defendant here was *not* taking psychotropic medications at the time of the plea and sentencing. Even assuming *McKay* is good law, it is distinguishable. There is no suggestion on the record that anyone, including defense counsel, doubted defendant's fitness to enter his plea or understand the admonitions.

This was an untimely and improper Rule 604(d) motion. The only pleading filed with the trial court by defendant after conviction and sentencing was a motion to reduce sentence and that was filed more than two years after the sentencing. The trial court had no jurisdiction to hear it. The circuit court had no choice other than to deny the motion for lack of jurisdiction. *Flowers*, 208 Ill. 2d at 307. Because the trial court had no jurisdiction to consider defendant's Rule 604(d) motion, the appellate court, in turn, has no authority to consider the merits of defendant's appeal from the trial court's judgment denying his motion. *Flowers*, 208 Ill. 2d at 306. I think our only course is to dismiss this appeal. See *Flowers*, 208 Ill. 2d at 307.

Therefore, I dissent.