No. 2--07--0833     Filed:  12-10-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 06--CF--1256 |
| RICKY HOOD, | ) ) | Honorable Rosemary Collins, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BOWMAN delivered the opinion of the court:

On March 5, 2007, pursuant to a fully negotiated plea agreement, defendant, Ricky Hood, pleaded guilty to attempted aggravated vehicular hijacking (720 ILCS 5/8--4(a), 18--4(a)(1) (West 2006)).  In exchange, he was sentenced to 10 years' imprisonment and other charges against him were dismissed.  On June 14, 2007, defendant filed a pro se motion for a reduction of his sentence. The trial court denied the motion as improper and untimely.  On appeal, defendant argues that the trial court did not properly determine whether he was mentally fit to enter the guilty plea, so we should vacate his conviction and allow him to withdraw his guilty plea.  He alternatively argues that we should allow him to file a motion to withdraw his guilty plea.  The State argues that we must dismiss the appeal for lack of jurisdiction.  We agree with the State and dismiss the appeal.

I. BACKGROUND

On May 3, 2006, defendant was charged by indictment with attempted aggravated vehicular hijacking (720 ILCS 5/8--4(a), 18--4(a)(1) (West 2006)), aggravated battery (720 ILCS 5/12--4(b)(10) (West 2006)), and unlawful possession of less than 15 grams of cocaine (720 ILCS 570/402(c) (West 2006)). At a May 11, 2006, hearing, defense counsel stated that the jail had reported a potential issue regarding defendant's mental status, and she moved for a psychological evaluation. The trial court granted the motion.

At a June 14, 2006, hearing, the defense stated that the psychological evaluation showed defendant to be unfit to stand trial. According to the report, dated May 22, 2006, Dr. Robert Meyer examined defendant on May 18, 2006. Dr. Meyer stated that defense counsel had told him that defendant had been found adjudicatively incompetent in the past. At the time of the evaluation, defendant appeared depressed and reported auditory hallucinations. He was easily confused, had difficulty communicating, and could not remember the circumstances surrounding his arrest. Defendant reported that he had been homeless and supported himself through disability payments for schizophrenia. He was on the medications Abilify and Zoloft, and he reported having a significant drug problem. Defendant's previous psychological testing indicated that he was not malingering. Dr. Meyer opined that, although defendant had some understanding of the judicial process, his current psychological condition made him unable to communicate meaningfully, including communicating with his attorney for the purpose of assisting in his defense. Dr. Meyer concluded that defendant was therefore unfit to stand trial. However, Dr. Meyer also opined that, with targeted psychotropic medications, defendant could be restored to fitness within 30 days.

The parties stipulated to the report on June 29, 2006. Based on the report, the trial court found that defendant was not currently fit to stand trial but could be restored to fitness within a short time.

A 30-day fitness report from the Elgin Mental Health Center, dated September 12, 2006, showed that defendant was admitted to the center on August 23, 2006. It listed defendant's diagnosis as schizo-affective disorder, depressed type, and polysubstance dependence. The report indicated that he could be restored to fitness for trial in about three months.

A 90-day fitness report dated September 29, 2006, stated that defendant had shown marked improvement and that his anxiety, suspiciousness, and auditory hallucinations had decreased. Defendant was able to show a substantial understanding of the judicial process, indicated an intent to cooperate with his attorney, and appeared motivated to proceed with trial. Defendant was taking the medications "Ariprazole [sic]" and "Sertraline"[1] daily. The report stated that defendant was fit to stand trial. The record indicates that the trial court was provided with a copy of this report on November 22, 2006. The trial court stated, "Based on the information that I have before me, I will find the defendant fit to stand trial. I will order his custody be transported then from the Department of Human Services to the Winnebago County Jail."

Thereafter, the case was continued many times. At a January 11, 2007, hearing, defense counsel stated that defendant appeared to be fit, but she was monitoring him closely because he had told her that he was beginning to hear voices again.

---

[1]According to defendant, "Aripiprazole" is marketed as Abilify (Physician's Desk Reference 882-83 (61st ed. 2007)) and "Sertraline" hydrochloride is marketed as Zoloft (Physician's Desk Reference 2586-88 (61st ed. 2007)).

The parties held a Supreme Court Rule 402 (177 Ill. 2d R. 402) conference with the trial court on March 5, 2007. Afterwards, defense counsel informed the court that they had reached a plea agreement. Defendant would plead guilty to attempted aggravated vehicular hijacking in exchange for a 10-year sentence and the dismissal of other pending charges, including some that were brought under a different case number. The trial court addressed defendant, asking him if he had taken any drugs. Defendant said, "My medicine, that's it," and, when the trial court asked what specific medicine, defendant said Zoloft. The trial court asked if he was taking anything else, to which defendant replied, "Something else, I don't know the name." Defendant answered in the affirmative when asked if he had been on "all of that medication" for several months, and he stated that the medicine did not affect his ability to communicate or to understand what was happening at the hearing. The trial court admonished defendant, and the State then provided a factual basis for the plea. Afterwards, defendant stated that he still wished to enter the plea, and he signed a written plea form. The trial court accepted the plea and sentenced defendant to 10 years' imprisonment, with credit for time served. It admonished him under Supreme Court Rule 605(c) (210 Ill. 2d R. 605(c)) regarding the steps to take if he wished to appeal.

On June 14, 2007, defendant filed a pro se motion for reduction of sentence. Defendant argued that his sentence should be reduced because he was not taking his prescribed antipsychotic medication at the time of the offense, he never gained possession of the vehicle, and the weapon used was a rock. In an attached affidavit, defendant stated that he was filing the motion late because he was denied access to the law library after he was first transferred to the Department of Corrections.

The trial court denied the motion as improper and untimely on July 19, 2007. On August 17, 2007, defendant mailed a notice of appeal. Defendant attached an affidavit arguing that, where there

is a question of a defendant's fitness, he cannot be presumed to understand Rule 605 admonishments. He concluded the affidavit with the statement, "In this instance the petitionor [sic] simply seeks a reduction in sentence for his unsuccessful criminal attempt."

## II. ANALYSIS

Before we can address the merits of defendant's appeal, we must determine whether we have jurisdiction in this case. Supreme Court Rule 604(d), which governs appeals from guilty pleas, provides, in relevant part:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. For the purposes of this rule, a negotiated plea of guilty is one which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." (Emphasis added.) 210 Ill. 2d R. 604(d).

Here, defendant entered a negotiated guilty plea on March 5, 2007. Contrary to Rule 604(d), he did not file a motion to withdraw his guilty plea but, rather, filed a motion to reduce his sentence. He also filed the motion on June 14, 2007, outside of the 30-day limit prescribed by Rule 604(d). Defendant acknowledges that his motion for reduction of sentence did not comply with the

requirements of Rule 604(d). However, he argues that the trial court should not have denied the motion on that basis, because the question of his fitness had not been properly resolved before the entry of the plea, so it cannot be presumed that he understood the trial court's Rule 605 admonitions about how to perfect an appeal. Defendant argues that his failure to file a motion to withdraw the plea, or any motion within the 30-day period, should therefore be excused.

Under Rule 604(d), a proper motion is a "condition precedent" for a reviewing court to consider a defendant's appeal from a plea of guilty. People v. Wilk, 124 Ill. 2d 93, 105 (1988). In Wilk, our supreme court explained that the rule was created to allow the trial court to efficiently correct any errors that may have resulted in a guilty plea (Wilk, 124 Ill. 2d at 104) and to eliminate needless appeals to the appellate court (Wilk, 124 Ill. 2d at 106). The court stated that the appellate court's dismissal of appeals that violate the rule does not leave such defendants without a remedy, for they could still take advantage of the Post-Conviction Hearing Act (now 725 ILCS 5/122--1 et seq. (West 2006)). Wilk, 124 Ill. 2d at 107.

In People v. Foster, 171 Ill. 2d 469 (1996), the supreme court carved out an "admonition exception" to the requirement that appeals that violate Rule 604(d) be dismissed. The court stated that, if the trial court fails to properly admonish the defendant under Rule 605 regarding how to appeal from his guilty plea, to dismiss his appeal for violating Rule 604(d) would violate the defendant's due process rights. Foster, 171 Ill. 2d at 473. Instead, although the appellate court may have jurisdiction over the appeal (Foster, 171 Ill. 2d at 471), the court may not consider the merits of the case but, rather, must remand the case for strict compliance with Rule 604(d) (Foster, 171 Ill. 2d at 474). This court subsequently applied the admonition exception to a situation where there was a bona fide question regarding the defendant's mental competence and thus his ability to comprehend

the Rule 605 admonishments. People v. McKay, 282 Ill. App. 3d 108, 112 (1996). In doing so, we held that Rule 604(d) requirements were not jurisdictional in the same manner as a notice of appeal, but rather the failure to follow the rule gave rise to the issue of whether waiver should bar the defendant's appeal. McKay, 282 Ill. App. 3d at 111.

Our supreme court revisited the relationship between Rule 604(d) and jurisdiction in In re William M., 206 Ill. 2d 595 (2003), and People v. Flowers, 208 Ill. 2d 291 (2003). In In re William M., the respondent entered an admission pursuant to a plea agreement. In re William M., 206 Ill. 2d at 597. However, contrary to Rule 604(d), the respondent did not file a motion to withdraw the admission or a motion to reconsider the sentence before filing a timely notice of appeal. In re William M., 206 Ill. 2d at 597-98. The supreme court agreed with McKay that the written motion requirement of Rule 604(d) is not jurisdictional, so the failure to file such a motion does not deprive the appellate court of jurisdiction over the appeal. In re William M., 206 Ill. 2d at 603.

In Flowers, the defendant pleaded guilty, and she was sentenced in July 1999. Flowers, 208 Ill. 2d at 295. The defendant appealed her sentences without complying with Rule 604(d). Pursuant to a motion by her appellate attorney, the appellate court dismissed the defendant's appeals on this basis. Flowers, 208 Ill. 2d at 296. In October 1999, the defendant filed a postconviction petition. Flowers, 208 Ill. 2d at 296. However, her appointed attorney subsequently filed a motion under Rule 604(d) for reconsideration of her sentences. After the trial court denied that motion, the attorney withdrew the postconviction petition and filed a Rule 604(d) certificate (see 210 Ill. 2d R. 604(d)). Flowers, 208 Ill. 2d at 297. Meanwhile, the defendant had filed, pro se, two sets of notices of appeal. Flowers, 208 Ill. 2d at 297.

The appellate court held that the defendant's failure to comply with Rule 604(d)'s time limits for filing the motion to reconsider her sentences did not require dismissal of the appeal. Flowers, 208 Ill. 2d at 299. It reasoned that the rule's requirements were not jurisdictional and could be excused if consideration of invalid parts of a sentence would better serve the ends of justice, such as in the defendant's case. The appellate court considered the merits of the defendant's appeal. Flowers, 208 Ill. 2d at 299. The supreme court reversed. It held that, because more than 30 days had passed since the defendant was sentenced, and the trial court had not granted an extension of the 30-day time limit, the trial court did not have jurisdiction to consider the defendant's motion to reconsider her sentences under Rule 604(d). Flowers, 208 Ill. 2d at 303. Therefore, the trial court's order denying the defendant's motion to reconsider was void, and the appellate court correspondingly did not have the authority to consider the merits of the motion. Instead, the appellate court should have vacated the trial court's order and dismissed the defendant's appeal. Flowers, 208 Ill. 2d at 307.

The State argues that the aforementioned cases demonstrate that an appellate court has jurisdiction over a judgment on a negotiated guilty plea, even if a defendant has not strictly complied with Rule 604(d)'s requirement to file a motion to withdraw the guilty plea, if the defendant either (1) files a timely notice of appeal within 30 days after the entry of the judgment (see In re William M., 206 Ill. 2d at 597-98 (the respondent was sentenced on November 15, 2000, and filed a notice of appeal on November 27, 2000)); or (2) timely files a motion to reconsider the sentence and appeals within 30 days after the ruling (see McKay, 282 Ill. App. 3d at 109 (the defendant was sentenced on March 18, 1994, filed a timely motion to reconsider the sentence, and then timely appealed); see also Flowers, 208 Ill. 2d at 304 (distinguishing Flowers from People v. Belcher, 199 Ill. 2d 378 (2002), where the defendant had timely filed a motion to reconsider his sentence and then

timely appealed)). Conversely, argues the State, the appellate court lacks jurisdiction over an appeal seeking to excuse a defendant's failure to strictly comply with Rule 604(d) if the defendant did not file a timely notice of appeal under Rule 606(b) (210 Ill. 2d R. 606(b)), within 30 days after the judgment or after the ruling on a timely Rule 604(d) motion. The State maintains that these conclusions are reflected in the supreme court's decision in In re J.T., 221 Ill. 2d 338 (2006).

In In re J.T., the respondent entered an admission in exchange for a sentence of probation. In re J.T., 221 Ill. 2d at 342. Nearly one year later, the trial court revoked the respondent's probation and sentenced him to prison. On appeal from the sentence of imprisonment, the respondent argued, among other things, that the trial court did not properly admonish him when it initially sentenced him to probation and that he should be allowed to file a motion to withdraw his admission and receive the necessary admonishments. In re J.T., 221 Ill. 2d at 344. The respondent argued that, although he had not filed a motion to withdraw his admission or an appeal from the original sentence, the appellate court should consider his case in the interest of fairness, because as a juvenile he could not seek postconviction relief. In re J.T., 221 Ill. 2d at 344.

The appellate court held that the trial court had not properly admonished the respondent under Rule 605(c), and it remanded the case so that he could be given the admonishments and have the opportunity to withdraw his admission. In re J.T., 221 Ill. 2d at 344-45. However, the supreme court reversed, holding that the appellate court lacked jurisdiction to consider the admonishment issue. In re J.T., 221 Ill. 2d at 346. It stated:

"In noncapital cases an appeal is perfected by the timely filing of a notice of appeal, and it is this step which vests the appellate court with jurisdiction. 188 Ill. 2d R. 606(a). Except as provided in Rule 604(d), the notice of appeal must be filed with the clerk of the court

within 30 days after the entry of the final judgment appealed from, or, if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of that motion. 188 Ill. 2d R. [606(b)]. Rule 604(d) requires that in order to appeal from a judgment entered upon a plea of guilty, a defendant must first file in the trial court a written motion to either withdraw his guilty plea or reconsider the sentence. 188 Ill. 2d R. 604(d). In such cases, the notice of appeal must be filed within 30 days of the denial of that motion. 188 Ill. 2d R. [606(b)]. The appellate court may also allow the filing of a late notice of appeal. 188 Ill. 2d R. 606(c).

In the present case, J.T. did not file a timely notice of appeal from the order sentencing him to probation, a written motion to either withdraw his plea or reconsider his sentence, or a motion for leave to file a late notice of appeal. Consequently, the appellate court had no jurisdiction to consider any issues arising from either his guilty plea or his sentence." In re J.T., 221 Ill. 2d at 346-47.

Similar to In re J.T., in the instant case defendant did not timely appeal under Rule 606(b) from the order sentencing him to 10 years' imprisonment, nor did he file a motion to either withdraw his guilty plea or reconsider his sentence within the 30-day time limit imposed by Rule 604(d). Defendant also did not file a motion for leave to file a late notice of appeal from the sentencing order. Therefore, as in In re J.T., we lack jurisdiction to consider the issues that he raises on appeal regarding his guilty plea. As the State points out, defendant's case and In re J.T. are distinguishable from the cited cases resulting in remands. In each of the latter group of cases, although the defendant may have failed to file a motion to withdraw the guilty plea, the reviewing court still had jurisdiction because the defendant either had timely appealed within 30 days of the order imposing the sentence

or had timely filed a postplea motion and had timely appealed from the trial court's ruling on that motion.

We pause to note that here the trial court "denied" defendant's motion to reconsider his sentence as "improper and untimely filed." However, the trial court technically should have dismissed the motion because it lacked subject matter jurisdiction to consider it; more than 30 days had passed since the trial court imposed the sentence and it had not extended the time limitation. See Flowers, 208 Ill. 2d at 303. Still, the trial court correctly did not consider the merits of defendant's motion, and we do not believe that its inexact terminology changes the substance of its ruling. Even if it did, the result would substantively be the same. A trial court ruling that is made without subject matter jurisdiction is void, and the remedy on appeal would be to vacate the trial court's ruling and dismiss the appeal. Flowers, 208 Ill. App. 3d at 306-07.

Defendant argues that his appeal is proper under People v. Jones, 349 Ill. App. 3d 255 (2004). There, pursuant to a fitness evaluation, the trial court found the defendant mentally fit to stand trial while he was on his current medication. Jones, 349 Ill. App. 3d at 257. The defendant later pleaded guilty in exchange for concessions from the State. Jones, 349 Ill. App. 3d at 258. However, at the time the trial court accepted the defendant's guilty plea, the defendant said that he had been taken off his medication two to three weeks before. Jones, 349 Ill. App. 3d at 258.

About 2½ years after he was sentenced, the defendant moved to reconsider the sentence, and the trial court denied the motion as untimely. Jones, 349 Ill. App. 3d at 258. The appellate court held that, although defendant failed to comply with Rule 604(d), he was not sufficiently found fit for the guilty plea hearing, so he could not be presumed to have understood the trial court's Rule 605(c) admonishments concerning Rule 604(d) procedures. Jones, 349 Ill. App. 3d at 259. The court relied

on McKay and Foster in holding that, under such circumstances, it was not required to dismiss the appeal despite the lack of compliance with Rule 604(d). Jones, 349 Ill. App. 3d at 259-60. The court reasoned that Flowers did not require a different result, because the Flowers court stated that the dismissal of an appeal for the defendant's failure to file the appropriate Rule 604(d) motion is improper if the defendant was not properly admonished regarding the need to file such a motion. Jones, 349 Ill. App. 3d at 260. The appellate court noted that the Flowers court held that the defendant had been properly admonished before holding that the untimely filing of her Rule 604(d) motion deprived the trial court of jurisdiction and deprived the appellate court of the " 'authority' " to consider the appeal on the merits. Jones, 349 Ill. App. 3d at 260. The appellate court reversed and remanded the case for a determination of the defendant's fitness to plead and for further proceedings, if necessary. Jones, 349 Ill. App. 3d at 262.

Justice Schmidt dissented. He noted that the defendant's motion to reduce his sentence was untimely under Rule 604(d) because it was filed more than two years after the defendant was sentenced. Jones, 349 Ill. App. 3d at 263 (Schmidt, J., dissenting). He reasoned that, under Flowers, the trial court was thus required to dismiss the motion for lack of jurisdiction and that the appellate court, in turn, had no authority to consider the appeal's merits. Jones, 349 Ill. App. 3d at 263 (Schmidt, J., dissenting). Justice Schmidt concluded that the appeal should be dismissed. Jones, 349 Ill. App. 3d at 263 (Schmidt, J., dissenting).

We agree with the dissenting justice in Jones that the majority opinion was wrongly decided. Although the majority relied on McKay and Foster in determining that it was not required to dismiss the appeal, in McKay the defendant filed a timely motion to reconsider his sentence and in Foster the defendant appealed after the trial court denied his oral motion for reconsideration. Nothing in

McKay and Foster indicates that the appellate courts lacked jurisdiction over those cases. In contrast, the defendant in Jones did not timely appeal within 30 days of his sentence, nor did he timely move to reconsider his sentence and thereafter timely appeal. Thus, under Flowers, the trial court did not have jurisdiction to consider the merits of his motion to reconsider, and the appellate court should have dismissed the appeal. Although the Jones court tried to distinguish Flowers on the basis that the Flowers defendant was properly admonished, In re J.T. demonstrates that this distinction is not relevant to jurisdiction. In In re J.T., the appellate court found that the respondent had not been properly admonished under Rule 605(b), but the supreme court held that, because the respondent had not timely perfected an appeal from the sentencing order he was challenging, the appellate court lacked jurisdiction to determine whether the cause should be remanded for proper admonishments. In re J.T., 221 Ill. 2d at 353. Accordingly, Jones' logic is faulty, and it does not provide an alternative basis for jurisdiction here.

Finally, we note that, although a lack of jurisdiction precludes us from considering the merits of defendant's appeal at this time, he still may potentially obtain relief under the Post-Conviction Hearing Act.

### III. CONCLUSION

Because defendant did not (1) timely appeal within 30 days of the final judgment on his guilty plea, (2) timely file a motion to either withdraw the plea or reconsider the sentence and thereafter timely appeal, or (3) file a motion for leave to file a late notice of appeal, we lack jurisdiction to address any issues regarding his guilty plea and sentence, including the issue of whether the trial court properly found him fit to enter the plea. We therefore dismiss his appeal.

Appeal dismissed.

HUTCHINSON and GROMETER, JJ., concur.