2021 IL App (1st) 20-0043-U

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

SECOND DIVISION
February 16, 2021

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County, Illinois, |
| | ) | Criminal Division. |
| v. | ) | |
| | ) | No. 11 CR 0257501 |
| ALBERTO HINOJOSA, | ) | |
| | ) | |
| Defendant-Appellant. | ) | The Honorable |
| | ) | LeRoy K. Martin, Jr., |
| | ) | Judge Presiding. |
| | ) | |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court.
Justices Pucinski and Cobbs concurred in the judgment.

**ORDER**

¶ 1       *Held*:   Where the appellant failed to file a timely appeal this court is without jurisdiction to consider the merits of the appeal.

¶ 2       The defendant-appellant, Alberto Hinojosa, seeks to recover certain property, namely 48 firearms,[1] seized by the Evergreen Police Department during the execution of two search warrants.  While the defendant was initially arrested and convicted of possession of a controlled

---

[1] The estimated value of the property is $750,000.

substance with intent to deliver as a result of narcotics recovered during this search, after a successful appeal and remand to the trial court, the search was determined to have been unlawful and the charges against the defendant were ultimately dropped. The defendant now seeks the return of the firearms seized during that search pursuant to section 5/108 of the Code of Criminal Procedure of 1963 (Criminal Code) (725 ILCS 5/108 (West 2016)). After a review of the record, for the following reasons, we find that we lack jurisdiction to consider the merits of this appeal.

¶ 3                                II. BACKGROUND

¶ 4        Because the procedural history of this case is complex, we set forth only those facts relevant to the resolution of this appeal.

¶ 5        In January 2011, the Evergreen Police Department (the police department) executed two search warrants, issued by: (1) the circuit court of Cook County for the search of the defendant's person and the premises located at 1648 Highland Avenue, Berwyn, Cook County; and (2) the circuit court of the Twelfth Judicial Circuit, Will County, for the search of the defendant's person and the storage unit at the U-Haul Storage Facility located at 240 North Frontage Road, Bolingbrook, Illinois.

¶ 6        During the execution of these warrants, the police department seized: 48 firearms (including a large quantity of ammunition and gun paraphernalia), 900 grams of cocaine, and $280,000 in cash. This appeal relates only to the return of the 48 firearms (hereinafter the property). The record reveals that at the time of the seizure, the defendant possessed a valid Firearm Owner's Identification Card (FOID card), which was revoked upon his arrest on January 24, 2011.

¶ 7        The discovery of the narcotics during the aforementioned search led to the defendant being charged with possession of cocaine with intent to deliver. After a bench trial, the defendant was found guilty and sentenced to 23 years' imprisonment.

¶ 8    The defendant appealed his conviction and sentence, arguing that the trial court erred when it denied his pretrial motion to suppress evidence. *People v. Hinojosa*, 2015 IL App (1st) 133106-U, ¶ 2. Specifically, the defendant argued that his Fourth Amendment rights were violated when the police effectuated a warrantless dog sniff of his garage. *Id*. at ¶ 9. Based on the new decision of the United States Supreme Court in *Florida v. Jardines,* 590 U.S. 1, 5 (2013), on appeal, this appellate court vacated the trial court's denial of the defendant's motion to suppress and remanded for the trial court to "consider the evidence and determine whether the law enforcement officers entered the curtilage of the residence, whether they violated defendant's legitimate expectation of privacy, and whether they engaged in an unlawful search." *Id*. at ¶ 17.

¶ 9    On remand, the trial court granted the defendant's motion to suppress. On July 25, 2016, the State *nol-prossed* all the charges against the defendant, and he was released from prison.

¶ 10    Six months later, on January 19, 2017, the defendant filed a motion for return of the property in the criminal court. The motion was brought pursuant to sections 5/108 and 5/114-12 of the Criminal Code (725 ILCS 5/108; 5/114-12 (West 2016)) and section 2(b) of the Law Enforcement Disposition of Property Act (765 ILCS 1030/2(b) (West 2016)). In his motion, the defendant initially asserted that he and his wife, Blanca Hinojosa, were rightful owners of the seized property and therefore sought its return. Later in these proceedings, the defendant claimed to have transferred ownership of the property to Blanca, who possessed a valid FOID card, and sought the return of the property to her.

¶ 11    On April 7, 2017, the criminal court held a hearing on the defendant's motion. After hearing arguments by the parties, the criminal court denied the motion, stating that because the defendant no longer possessed a valid FOID card, it was unwilling to direct the police department to turn the property over to the defendant. In addition, in its written order, the criminal court held that

because the defendant "claim[ed] to have transferred ownership of the property" to his wife, the trial court "no longer ha[d] jurisdiction over the property."

¶ 12    The defendant never appealed this ruling. Instead, on January 9, 2018, together with his wife, Blanca, he filed an action for replevin in civil court against the police department, the Village of Evergreen (the Village), and the Chief of Police Michael Saunders (Chief Saunders) (hereinafter the replevin defendants). The replevin defendants filed a motion to dismiss pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-619(a)(9)) arguing that the property was seized pursuant to search warrants and retained as required by a court order. In support, the replevin defendants attached an affidavit by Chief Saunders averring that the property was seized pursuant to such warrants and that it remained in the custody of the police department pursuant to an order entered by the criminal court.

¶ 13    While the civil action was pending, on August 23, 2018, more than one year and four months after the entry of the criminal court's order denying the defendant's motion for return of his property, the defendant returned to the criminal court and filed a motion for reconsideration of that April 7, 2017, order.

¶ 14    On August 30, 2018, after hearing arguments, including the State's objection to the filing of such a motion on the basis of its untimeliness, the criminal court denied the defendant's motion for reconsideration. In doing so, the criminal court found that "Evergreen Park and Blanca Hinojosa, the [d]efendant's wife, [were] not parties to the criminal action and d[id] not have standing." In addition, the criminal court held that "[t]he appropriate remedy must be pursued in civil court." The defendant did not appeal this ruling.

¶ 15    Instead, he and his wife proceeded with the civil action. On November 28, 2018, the civil

court granted the replevin defendants' motion to dismiss, finding that the civil remedy of replevin was unavailable to the defendant and his wife, and that their sole remedy was to pursue recovery of the property under the Criminal Code.

¶ 16    On appeal, this appellate court affirmed that dismissal. See *Hinojosa v. Evergreen Park Police Dep't*, 2019 IL App (1st) 190512-U. In doing so, we held that the "[d]efendants' evidence produced in support of their motion to dismiss established that the property was seized and retained under a lawful process and therefore plaintiffs did not have a right to replevin regardless of whether their only avenue of relief may have been under the Criminal Code." *Id.* at ¶ 31.

¶ 17    On March 11, 2019, nearly two years after the denial of his original motion for return of the property in criminal court, the defendant returned to that court and filed an "amended motion" for reconsideration.

¶ 18    Notwithstanding his previously filed and dismissed civil complaint in replevin, the defendant's "amended motion" for reconsideration now argued that replevin was "not the appropriate avenue for individuals seeking property seized pursuant to a search warrant and retained in the custody of the police department." The defendant further sought relief under the doctrine of judicial estoppel.

¶ 19    In a written response, the State argued that the defendant's March 11, 2019, amended motion for reconsideration was untimely as it was filed almost two years after the court's original April 7, 2017, ruling. The State further argued that: (1) the defendant's arguments were barred by collateral estoppel; (2) replevin was the proper forum for the dispute; (3) the defendant and his wife failed to identify the actual owner of the seized firearms; (4) the firearms were contraband

and so could not be returned; and (5) the circuit court could of Cook County could not order the return of items seized pursuant to a search warrant that was issued by a Will County judge.

¶ 20 On May 30, 2019, following a hearing, the criminal court denied the defendant's amended motion for reconsideration. In doing so, the court reiterated that the defendant did not possess a valid FOID card and could therefore not legally possess the weapons. In addition, the court found that the defendant's wife had no standing in the criminal court as she was not a defendant in the original criminal proceedings. The defendant now appeals.

¶ 21                                   II. ANALYSIS

¶ 22 On appeal, the defendant asserts that he is entitled to the return of his property pursuant to section 5/108 of the Criminal Code (725 ILCS 5/108 (West 2016)).

¶ 23 Before addressing the merits of the defendant's appeal, however, we must first determine whether we have jurisdiction.

¶ 24 An appellate court has an independent duty to "consider jurisdiction and dismiss the appeal if jurisdiction is wanting." *People v. Garcia*, 2015 IL App (1st) 131108, ¶ 65; see also *People v. Lewis,* 234 Ill. 2d 32, 36–37 (2009). An appellate court's jurisdiction is dependent on the appellant's timely filing of a notice of appeal, and an appellant's failure to file such a timely notice leaves this court without jurisdiction. See *People v. Patrick*, 2011 Ill 111666, ¶ 20. Pursuant to Illinois Supreme Court Rule 606(b) a notice of appeal "must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." Ill. S. Ct. R. 606(b) (eff. July 1, 2017).

¶ 25 At the outset, we note that from the defendant's brief it is unclear whether he is appealing

from the original April 7, 2017, order denying his request for the return of his property or from the subsequent May 30, 2019, denial of his amended motion to reconsider that original denial. The defendant's notice of appeal filed on June 28, 2019, states that he is appealing the May 30, 2019, order. However, the notice of appeal also states that the defendant appeals from the "order denying [his] motion for return of property." Moreover, in his brief the defendant makes no procedural arguments, nor offers any reason as to why the criminal court erred in denying his amended motion for reconsideration. Rather, he merely argues that the criminal court is the only proper forum in which he could have pursued the return of his property. In addition, he asserts that the State should be collaterally estopped from arguing that the criminal court is not the proper venue for the return of his property, when, in the civil replevin proceedings, it argued to the contrary.

¶ 26    Regardless, for the following reasons, we find that we lack jurisdiction to consider the defendant's appeal.

¶ 27    If the defendant is appealing from the criminal court's original denial of his request for the return of his property, his appeal is untimely. That original order was entered on April 7, 2017, and the defendant's notice of appeal was filed over two years later, on June 28, 2019. As such, it was filed well over the 30-day requirement for timely notices of appeal, and we have no jurisdiction to consider this appeal.

¶ 28    On the other hand, if the defendant is appealing from the criminal court's subsequent May 30, 2019, denial of his amended motion for reconsideration of that original order, his notice of appeal, filed within the requisite 30 days, is timely only if his amended motion for reconsideration was also timely filed with the criminal court. See Ill. S. Ct. R. 606(b) (eff. July 1, 2017) (a notice of appeal "must be filed with the clerk of the circuit court within 30 days after

the entry of the final judgment appealed from or if a motion directed against the judgment is *timely* filed, within 30 days after the entry of the order disposing of the motion." (emphasis added).) Because we find that the amended motion for reconsideration was far from timely filed with the criminal court, we again find that we have no jurisdiction to consider the defendant's appeal.

¶ 29    It is axiomatic that a timely motion to reconsider must be filed within 30 days of the entry of the order for which reconsideration is sought; otherwise, the trial court loses jurisdiction. See *People v. Hood,* 387 Ill. App. 3d 380, 387 (2008) (the trial court lacks jurisdiction to consider a motion to reconsider that was filed more than 30 days after the trial court denied the original motion.). Where a trial court lacks jurisdiction, its ruling on the merits is void. *People v. Bailey*, 2014 IL 115459, ¶ 28.

¶ 30    In the present case, it is clear the defendant's amended motion for reconsideration was filed long after the expiration of the requisite 30 days. The original order was entered on April 7, 2017. The defendant's first motion to reconsider was filed on August 23, 2018, more than a year and four months after the entry of that order. The defendant's amended motion for reconsideration was filed nearly six months after the criminal court denied the defendant's first motion for reconsideration and over two years after it denied the defendant's original request for the return of his property. Since neither the original nor the amended motion to reconsider were filed within 30 days of the orders from which reconsideration was sought, neither was timely and the criminal court lacked jurisdiction to consider either of them. Both should have been dismissed by the criminal court, and any orders entered are now void for lack of jurisdiction. Accordingly, we cannot review the merits of these orders.

¶ 31    In coming to this conclusion, we further note that because the State objected to the untimely

filing of both the defendant's original and amended motions to reconsider, the revestment doctrine does not apply to save the criminal court's jurisdiction and permit our review of those orders. Our supreme court has made clear that the revestment doctrine is a narrow exception to the general rule that a criminal court loses jurisdiction to hear a cause at the end of the 30-day window following entry of the original order. *Bailey*, 2014 IL115459, ¶ 8. For the doctrine to apply, however, " 'the parties must actively participate *without objection* in proceedings which are inconsistent with the merits of the prior judgment.' " (Emphasis added.) *Id.* (quoting *People v. Kaeding*, 98 Ill. 2d 237, 240 (1983)). In the present case, the State continually objected to the defendant's untimely filing of both his first and amended motions to reconsider. Each time, the State vehemently argued that the pleadings were filed well past the requisite 30-days, and that therefore the criminal court could not consider them. Under these circumstances, the criminal court was by no means revested with jurisdiction, and the orders it entered denying the defendant's initial and amended motions to reconsider were both void. See *Bailey*, 2014 IL115459, ¶ 8

¶ 32                                    III.  CONCLUSION

¶ 33      In sum, for the aforementioned reasons, where the criminal court lacked jurisdiction to rule both on the defendant's motion to reconsider and his amended motion to reconsider, and where the defendant failed to timely appeal from the original denial of his motion for return of the property, we find that we lack jurisdiction to consider the merits of the defendant's appeal. Accordingly, we dismiss the appeal for want of jurisdiction.

¶ 34      Appeal dismissed.