NOTICE

Decision filed 08/07/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220466-U

NO. 5-22-0466

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 17-CF-825 |
| | ) | |
| MICHAEL WEIS, | ) | Honorable |
| | ) | Kyle A. Napp, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Moore and McHaney concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Where defendant's motion to reduce his sentence was filed more than 30 days after judgment the circuit court did not err in denying it. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2   Defendant, Michael Weis, appeals the trial court's order denying as untimely his motion to reconsider sentence. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the circuit court erred. Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD has notified defendant of its motion. This court has provided him with an opportunity to respond, and he has done so. However, after considering the record on appeal, OSAD's motion and supporting brief, and

1

defendant's response, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                      BACKGROUND

¶ 4     Following a jury trial, defendant was convicted of two counts of aggravated criminal sexual abuse, three counts of criminal sexual assault, and three counts of child pornography. All the charges resulted from defendant's sexual relationship with 13-year-old K.S. On March 12, 2021, the trial court sentenced him to consecutive prison terms totaling 37 years. The court admonished him that if he wished to contest any aspect of the sentencing proceedings, he had to file within 30 days a motion to reconsider the sentence.

¶ 5     On direct appeal, defendant asserted various evidentiary errors and a speedy-trial violation but contested neither the sufficiency of the evidence nor the length of the sentence. This court affirmed. *People v. Weis*, 2022 IL App (5th) 210076-U.

¶ 6     On June 6, 2022, defendant filed a *pro se* "motion for reduction of sentence." He argued (1) that his aggregate sentence was beyond the limit established by section 5-8-4(f) of the Unified Code of Corrections (730 ILCS 5/5-8-4(f) (West 2020)); (2) that "pursuant to [Senate Bill] 2129, effective January 1, 2022, the court has the ability to resentence an individual when the term of a sentence no longer advances the interest of justice"; (3) that the sentence was an abuse of discretion given his lack of a criminal record and the fact that the offenses were nonviolent; (4) that the one-act, one-crime doctrine applied as the offenses were part of the same course of conduct; and (5) counsel was ineffective for failing to "object to" the sentences.

¶ 7     The trial court denied the motion, finding that because the "motion for reduction of sentence is filed more than thirty days since the entry of the judgment, the court lacks jurisdiction over this matter." Defendant filed a notice of appeal.

2

¶ 8                                               ANALYSIS

¶ 9        OSAD concludes that there is no reasonably meritorious argument that the trial court erred in finding defendant's motion untimely. We agree.

¶ 10      A trial court's authority to alter a sentence terminates after 30 days. *People v. Flowers*, 208 Ill. 2d 291, 303 (2003) (citing 730 ILCS 5/5-8-1(c) (West 2002)). Thus, the trial court lacks jurisdiction over a motion to reconsider the sentence filed more than 30 days after sentencing. *People v. Hood*, 387 Ill. App. 3d 380, 387 (2008). As defendant's motion was filed more than a year after he was sentenced, the trial court properly found that it was untimely and denied it for want of jurisdiction.[1]

¶ 11      OSAD further concludes that "SB 2129" did not give the trial court authority to alter defendant's sentence more than 30 days later. Defendant apparently refers to Senate Bill 2129 which, as Public Act 102-102, became effective January 1, 2022, and is currently codified as 725 ILCS 5/122-9 (West 2022). That statute gives the "State's Attorney of the county in which the defendant was sentenced" the authority to ask for resentencing at any time but does not give the defendant a parallel right. 725 ILCS 5/122-9(b) (West 2022). The statute's plain language thus means that defendant did not have the right to seek resentencing thereunder. The Fourth District recently reached the same conclusion. *People v. Harrison*, 2023 IL App (4th) 220371-U, ¶ 16 ("By virtue of the plain language of section 122-9(b), which confers on the state's attorney alone the ability to file a motion thereunder, a defendant cannot satisfy the statutory conditions to pursue this legislatively created relief and, thus, is without the necessary statutory standing to do so.").

---

[1]As did the court in *Hood*, we note that, technically, the court should have dismissed the motion instead of denying it, but that the distinction makes no practical difference. *Hood*, 387 Ill. App. 3d at 387.

¶ 12    We further agree with OSAD that, although the trial court had the discretion to recharacterize defendant's motion as a petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)), it plainly did not do so and its decision is essentially unreviewable.  If a pleading alleges a violation of the petitioner's rights that would be cognizable in a postconviction petition, the circuit court has the discretion to treat it as such.  *People v. Shellstrom*, 216 Ill. 2d 45, 51 (2005).  However, it need not do so, and a court's decision not to recharacterize a pleading as a postconviction petition cannot be reviewed for error.  *People v. Stoffel*, 239 Ill. 2d 314, 324 (2010) (citing *Shellstrom*, 216 Ill. 2d at 53 n.1).

¶ 13                                  CONCLUSION

¶ 14    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 15    Motion granted; judgment affirmed.